GORSE *et al. v.* PARKER.

*(Circuit Court, N. D. Illinois.* November 5, 1888.)

COSTS—ATTORNEYS' FEES—PARTY ACTING AS ATTORNEY.

The docket fee and fees for depositions "allowed to attorneys, solicitors, and proctors" by Rev. St. U. S. §§ 823, 824, cannot be taxed in favor of a party not an attorney, who conducts his own cause.

In Equity. On motion for retaxation of costs in the suit by William Gorse and others against Andrew H. Parker.

*D. Blackman,* for plaintiffs.

*A. H. Parker, in pro. per.*

BLODGETT, J. A motion is made for retaxing the costs in this case. The case was a suit in equity, and the defendant appeared in his own behalf, filed his own answer, examined his own witnesses, and argued his own cause. The suit terminated in favor of the defendant, and the clerk in taxing the costs allowed the defendant a docket fee of $20, and a fee of $2.50 for each deposition taken, and the motion now is to retax the costs on the ground that these fees cannot be allowed to the defendant, he not being an attorney at law. I think the motion is well taken. The statute of the United States, (section 823, Rev. St.,) under which these fees are taxed, reads as follows: "The following, and no other, compensation shall be allowed to attorneys, solicitors, and proctors in the courts of the United States;" and then proceeds under section 824, as follows: "On a trial before a jury in civil or criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars; and for each deposition taken and admitted in evidence in the cause, two dollars and fifty cents." In the case of *Vulcanite Co.* v. *Osgood*, 13 O. G. 325, Judge SHEPLY had substantially the same question under consideration, and there held that the docket fee allowed by these two sections can only be allowed to an attorney or solicitor of the court; that these costs are not recoverable to the defendant himself, but to his attorneys. And the reason in support of this conclusion is that, where a party is obliged by reason of his unfamiliarity with proceedings in courts to employ an attorney or solicitor, the law gives him this fee to aid in compensating his attorney; but if a party is not obliged to resort to a lawyer for assistance, then the allowance is not recoverable. The motion to retax is therefore sustained, and the clerk is directed to strike out from the fee-bill, as taxed, the allowance of $20 for a docket fee, and the allowance of $2.50 for each deposition.