**Neill HANNON, Plaintiff-Appellant,**

v.

**SECURITY NATIONAL BANK, Defendant-Appellee.**

**No. 74–2588.**

United States Court of Appeals, Ninth Circuit.

March 18, 1976.

Neill Hannon, in pro. per.

Lynn Anderson Koller (argued), of Kornfield & Koller, Oakland, Cal., for defendant-appellee.

### OPINION

Before TRASK, GOODWIN and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Hannon, in propria persona, sued Security National Bank for 12 separate violations of section 127 of the Truth in Lending Act of 1968, 15 U.S.C. § 1637, alleging that the bank failed to disclose on the 12 monthly Master Charge statements sent to him in the previous year the annual percentage rates of interest charged on overdue balances. The district judge granted Hannon's motion for summary judgment, awarding $1200 damages plus costs but not allowing attorney's fees. From this part of the judgment he appeals and we affirm.

At the time this suit was brought, the Truth in Lending Act provided for civil liability as follows:

Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of

(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1640(a) (1974), *as amended*, 15 U.S.C. § 1640(a) (Supp.1976). From the time this case was filed until the lower court's decision, Hannon was a law school graduate but was not licensed to practice law. Even though Hannon did not retain an attorney and was not an attorney himself, he claims that he is entitled to a reasonable attorney's fee under the statute because such a rule would effectuate the statute's purpose of encouraging private enforcement of the law.

█ We agree that the statute should be liberally construed to encourage private enforcement. *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Ratner v. Chemical Bank New York Trust Co.*, 329 F.Supp. 270, 280–81 (S.D.N.Y.1971); *cf. Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (construing attorney's fees provision of Civil Rights Act of 1964). However, the question before us is whether that liberal interpretation should be extended to allow

recovery of attorney's fees when no attorney has been retained. The question has added importance due to differing opinions by district courts in this circuit.

█ The general American rule is that the prevailing party may not recover attorney's fees absent express provision of a contract or statute or exceptional circumstances warranting the exercise of equitable powers. 6 J. Moore, Federal Practice ¶ 54.77[2], at 1703–05 (2d ed. 1948). Increasingly, federal statutes have made attorney's fees recoverable. *E. g.*, 15 U.S.C. § 15 (suits under the antitrust laws); 17 U.S.C. § 116 (suits under the copyright laws); 29 U.S.C. § 216(b) (certain suits under the Fair Labor Standards Act); 35 U.S.C. § 285 (suits under the patent laws); 42 U.S.C. § 2000a–3(b) (suits under Title II of the Civil Rights Act of 1964); 47 U.S.C. § 206, suits under the Communications Act of 1934); 49 U.S.C. §§ 8, 908(b) (suits under the Interstate Commerce Act). But it is a second and larger step to hold that where, as here, Congress has allowed attorney's fees, it meant to compensate non-attorneys who represent themselves. No legislative history supporting such an interpretation has been pointed out to us, nor have we discovered any. The only federal case we have found on this issue held that a layman representing himself may not recover under a general statute (Rev.Stat. §§ 823, 824) providing for the allowance of compensation to "attorneys, solicitors, and proctors in the courts of the United States." *Gorse v. Parker*, 36 F. 840 (C.C.N.D.Ill.1888).

█ The purpose behind granting attorney's fees is to make a litigant whole and to facilitate private enforcement of the Truth in Lending Act. *Cf. Newman v. Piggie Park Enterprises, Inc.*, supra. In this case, there was no financial expenditure for an attorney's services.[1] Hannon, probably

---

1. The Fifth Circuit has held that the plaintiff need not be obligated to pay his attorney before statutory attorney's fees are recoverable. Thus, fees have been awarded directly to legal aid services who have successfully represented plaintiffs without charge in suits under the Civil Rights Act of 1964, *Miller v. Amusement*

*Enterprises, Inc.*, 426 F.2d 534, 538–39 (5th Cir. 1970), and the Truth in Lending Act of 1968, *Sellers v. Wollman*, 510 F.2d 119, 123 (5th Cir. 1975). The reasoning behind these cases is that where the assistance of an attorney is a practical necessity, Congress did not intend that vindication of the rights guaranteed by

due to his new-found expertise, chose to represent himself. However, he was not an attorney and could not provide attorney services. Had Congress wished to compensate non-attorneys for "services" rendered on their own behalf in pressing their individual claims, it certainly could have done so. Absent such an expression, we cannot rewrite the statute. Although Hannon proved no actual damages, he recovered $1200 in minimum statutory damages plus costs. Under the clear language of the statute, he was not also entitled to attorney's fees.

AFFIRMED.

statute depend on the plaintiff's having economic resources to retain an attorney or else being compelled to seek out charitable assistance. The payment is made not to the litigants, but directly to the attorney as reimbursement for services actually rendered.

This case gives us no occasion to decide whether the Fifth Circuit rule should be adopted in our circuit, however, because Hannon did not seek an attorney's services at all. Thus the result in this case is not to deny legal services to a potential plaintiff who does not have the economic resources to retain an attorney and who does not have free legal services available. The result is merely to deny a layman who decides to forego the services of an attorney altogether the windfall of a reimbursement for expenses he never incurred.