Phyllis A. BARRETT

v.

UNITED STATES CUSTOMS SERVICE
and the DEPARTMENT OF
TREASURY.

Civ. A. No. 78–4236.

United States District Court,
E. D. Louisiana,
Section "H".

Jan. 18, 1980.

————

Phyllis A. Barrett, in pro. per.

Roy F. Blondeau, Jr., Asst. U. S. Atty.,
New Orleans, La., for defendant.

DUPLANTIER, District Judge.

Plaintiff brought this action under the Privacy Act, 5 U.S.C. § 552a, seeking certain documents allegedly contained in the files of the U.S. Customs Service. As a result of this suit, the defendant has produced all of the information to which the court has held plaintiff was entitled and which she should have been given prior to suit. Therefore, the suit should be dismissed as moot except as to the attorney fee claim.

For the following reasons, plaintiff's motion for an award of attorney fees is hereby denied.

On January 2, 1980, when this motion was first presented, the court ruled orally that an award of attorney fees would be appropriate under the criteria set forth in *Blue v. Bureau of Prisons*, 570 F.2d 529 at 533 (5th Cir. 1978). This ruling was based, *inter alia*, on the court's finding of fact that defendant had not exercised due diligence in processing plaintiff's request for information, that the resulting delay forced plaintiff to institute this litigation, and that such government action amounted to an arbitrary and unreasonable withholding of the information sought.

However, the court did not order an award of fees on that date because two issues remained outstanding: (1) whether a *pro se* litigant may recover attorney fees under the Privacy Act, 5 U.S.C. § 552a; and (2) the amount of fees to be awarded. The court instructed the parties to file additional memoranda on the issue of a *pro se* litigant's entitlement to attorney fees.

We have not been able to find, nor have the parties called to our attention, any decision of the United States Supreme Court or of the Fifth Circuit Court of Appeals which addresses this issue. Plaintiff relies principally on a line of decisions in the District of Columbia Circuit. *See*, e. g., *Cox v. Dept. of Justice*, 195 U.S.App.D.C. 189, 601 F.2d 1 (D.C.Cir. 1979), and cases cited therein. Plaintiff also cites a recent decision by a district court which follows the reasoning of the District of Columbia Circuit, *Marschner v. Dept. of State*, 470 F.Supp. 196 (D.Conn. 1979). These cases are decided under the Freedom of Information Act, 5 U.S.C. § 552, the language of which is identical to the Privacy Act's provision regarding attorney fees.

Defendants rely on *Burke v. Dept. of Justice*, 432 F.Supp. 251 (D.Kan.1976) *affirmed*, 559 F.2d 1182 (10th Cir. 1977), a Freedom of Information Act case, and on *Hannon v. Security National Bank*, 537 F.2d 327 (9th Cir. 1976) a case decided under the Truth in Lending Act.

The attorney fees provision of the Privacy Act, 5 U.S.C. § 552a(g)(3)(B), states:

The court may assess against the United States reasonable attorney fees and

other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed.

In the decisions cited by plaintiff, the courts have reasoned as follows: (1) the words "reasonably incurred" do not modify "attorney fees", thus the statute does not explicitly require that attorney fees be "actually incurred;" (2) it is consistent with the purposes of the statute to encourage private enforcement; therefore, it is proper to award attorney fees to a *pro se* litigant under the statute. We disagree with this latter reasoning.

The statute provides for an award of an *attorney* fee. There is no attorney involved in this case. Nor is there a fee involved. We agree with the court in *Hannon v. Security National Bank, supra*, that had Congress wished to compensate non-attorneys for the time spent on their own behalf in litigating their claims, it could have and would have done so explicitly. Congress certainly knows how to encourage litigation, *pro se* and otherwise. Courts should not do so where Congress has not. To read the statute as plaintiff urges is to ignore the statute's clear language.