Richard E. **CORBETT** and Catherine A. **Corbett**

v.

**KEENE CO–OPERATIVE BANK.**

No. C79–252–L.

United States District Court, D. New Hampshire.

Oct. 6, 1980.

Philip P. Mangones, Keene, N. H., for plaintiff.

Homer S. Bradley, Jr., Keene, N. H., for defendant.

## ORDER ON MOTION FOR DETERMINATION AND ASSESSMENT OF ATTORNEY'S FEES

LOUGHLIN, District Judge.

The First Circuit in *King v. Greenblatt*, 560 F.2d 1024 (1977) set forth the criteria for the district court in arriving at a reasonable attorney's fee.

Cited was the Fifth Circuit's decision in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (1974).

*Johnson* listed twelve factors to be considered by district courts in arriving at reasonable fee awards:

1) the time and labor required; 2) the novelty and difficulty of the question presented; 3) the skill required to perform the legal services; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorney; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases.

Counsel for the plaintiffs have submitted to the court a detailed record of the time spent on the case and the duties performed as well as expenses incurred. A hearing was held on October 3, 1980, plaintiff's counsel propounding his views in favor of the reasonableness of the bill and defendant's counsel propounding contrary views.

The issue of expenses totaling $92.10 is not seriously contested. Defendant contends that 52.9 hours at an hourly rate of $40.00, totaling $2,116.00 is excessive. Total bill including fee and expenses is $2,208.10. Care should be taken to avoid excessive fees.

The court finds that plaintiff's counsel has been a member of the New Hampshire Bar since 1974, a senior partner, who assisted him, since 1971. The results of his labors were beneficial to his clients who are in no way opulent. The complaint was filed on August 20, 1979, successfully terminated after a motion for summary judgment was denied by a consent decree filed September 5, 1980. The issue involved was fairly complex, involving the Truth in Lending Act.

While the hourly rate is not binding, it was reasonable considering the expertise and experience of counsel.

In *Starks v. Orleans Motors, Inc.*, 372 F.Supp. 928 (E.D.La.1974) aff'd, 500 F.2d 1182 (5th Cir. 1974), the following language is cited at 372 F.Supp. at 932–33.

The Truth in Lending Act Provides "any creditor who fails in connection with any consumer credit transaction to disclose any" of the required information shall be liable for damages in the amount of twice the finance charge (not to exceed $1000) plus reasonable attorney's fees. 15 U.S.C. § 1640.

In discussing fees, the court in *Starks* stated:

At the present time lawyers in New Orleans charge a fee of $35 per hour. (1974) Those with long experience or expertise in a particular area charge substantially more. Their overhead is continually rising.

Where the lawyer undertakes to prosecute a case on a contingent fee, as Truth in Lending Cases in general must be and this one was, the lawyer who recovers only a minimum fee if he prevails must lose money. Because inevitably he will recover nothing in some cases.

*Hannon v. Security National Bank*, 537 F.2d 327 (9th Cir. 1976) set forth reasoning for the allowance of attorney's fees in this type of a case.

802

■ The purpose behind granting attorney's fees is to make a litigant whole and to facilitate private enforcement of the Truth in Lending Act. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (construing attorney's fees provision of Civil Rights Act of 1964).

The court is of the opinion that the legal fees and expenses are reasonable.

Motion granted.