Gregory F. COOK, Plaintiff pro se,

v.

James G. WATT, Secretary of the Interior, Defendant.

No. J82–006 CIV.

United States District Court, D. Alaska.

June 11, 1984.

Gregory F. Cook, Juneau, Alaska, pro se.

Michael Spoon, U.S. Atty., Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

THIS CAUSE comes before the court on two motions by the plaintiff for attorney fees. The court's findings of fact and conclusions of law are set out below.

### Background

Plaintiff is an attorney who litigated in his own behalf a Freedom of Information Act appeal from a refusal by the United States Department of Interior to release certain documents relating to the Department's position regarding the nature and extent of the United States' trust responsibility to Alaska natives.

The United States withheld disclosure of nineteen documents under claims of exemption pursuant to the attorney work product doctrine and the deliberative process doctrine, which doctrines are embodied in 5 U.S.C. § 552(b)(5) (1982). After preparation of a *Vaughn* index, in camera review and supplemental briefing, the court con-

cluded that the attorney work product doctrine protected disclosure of eight of the nineteen documents. The court further concluded that although a deliberative process had once been in progress, no such process was underway within the department and that one key document, a draft Solicitor's opinion, represented the working law of the department and was subject to disclosure. *See Memorandum and Order*, November 22, 1983. 597 F.Supp. 545. No appeal was taken.

During the course of litigation the plaintiff brought a motion to compel answers to interrogatories. The motion was granted by the United States Magistrate upon referral. The magistrate's order indicates that plaintiff was entitled to costs pursuant to F.R.C.P. 37(a)(4) and 5 U.S.C. § 552(a)(4)(E) and set a hearing on costs. No costs or attorney's fee were imposed by the magistrate. The magistrate also denied a request for a protective order related to the motion to compel. Plaintiff relied on discovery obtained as a result of the motion to compel in arguing for summary judgment and the court, as well, drew an inference from the answers which, in its view, added focus to the government's burden on the merits.

### Attorney's Fee—Motion to Compel

■ The parties do not dispute that attorney's fees pursuant to Fed.R.Civ.P. 37(a)(4) can be assessed against the United States to the same extent that any other party would be liable under this statute. *See generally* Equal Access to Justice Act, Pub.L. 96–482, § 205(a), 94 Stat. 2327; 2330, *repealing* Fed.R.Civ.P. 37(f). The government argues that reasonable expenses should not be awarded in this case since the position of the party resisting discovery was substantially justified. The magistrate's order, although apparently allowing costs, makes no findings with respect to whether the position of the United States was substantially justified. The

court concludes that the failure of the government to appeal the magistrate's determination does not preclude any argument that its position in resisting discovery was substantially justified.

■ Indeed, the court declines to award plaintiff's reasonable expenses on the successful motion to compel for the reason that the government's position was substantially justified. The government resisted discovery on the grounds that answers to the interrogatories would not lead to relevant matters and they were not discoverable. The court agrees. Plaintiff's motion for attorney's fee flowing from the motion to compel and pursuant to Fed.R. Civ.P. 37(a)(4) is denied.[1]

### Motion for Attorney's Fee—5 U.S.C. § 552(a)(4)(E)

#### a. Pro Se's Entitlement

■ The threshold issue for this motion is whether a pro se litigant, himself an attorney, may recover attorney's fees under 5 U.S.C. § 552(a)(4)(E). The court concludes that the view expressed in *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C.Cir. 1977) upholding a pro se attorney's award is the better view and would be the position adopted in this circuit. *Cf. Ellis v. Cassidy*, 625 F.2d 227, 230 n. 2 (9th Cir.1980) (noting trend); *but cf. Hannon v. Security Nat'l Bank*, 537 F.2d 327 (9th Cir.1976) (non-attorney TILA litigant). In *Ellis*, the court awarded attorney's fees to defendant attorneys who represented themselves in defending against a frivolous civil rights claim. The court considered several factors, also present here, as relevant: the attorney fee award furthered the underlying policy; the fee applicants suffered actual loss as a result of time taken away from their law practice; legal services were actually performed; there was no difficulty in placing a dollar value on the

---

1. The government also argued that a party who prosecutes pro se a discovery motion may not collect attorney's fees. The reasoning underlying this conclusion is that a party who prosecutes pro se does not incur attorney's fees and

therefore may not be reimbursed for expenses. *See generally* 4A J. Moore, Moore's Federal Practice ¶ 37.02[10–2] (2d ed. 1981). The court declines to rule on this issue in the context of a motion to compel.

services. *See Ellis v. Cassidy*, 625 F.2d at 230; *see also* Plaintiff's Aff. at 2, Feeny Aff., ¶'s 3, 5 and 10.

#### b. Substantially Prevailed

■ In order to recover attorney's fee, the plaintiff must also show that he has substantially prevailed. 5 U.S.C. § 552(a)(4)(E) (1980); *Church of Scientology v. Postal Service*, 700 F.2d 486 (9th Cir.1983).

#### (i) Eligibility

■ The court finds that this lawsuit was reasonably necessary to obtain the information. Plaintiff has a substantial need related to his scholarly pursuits to ascertain the position of the United States *in re* trust responsibilities to Alaska natives. *See* Cook Aff., 1–2. The court further finds that this suit had a substantive causative effect on the release of a document highly significant to plaintiff's request. Had plaintiff not prevailed on summary judgment, the draft Solicitor's opinion would simply not have been released. Under the test set forth in *Church of Scientology*, 700 F.2d at 490, it is apparent that plaintiff has substantially prevailed and is therefore eligible for an award of attorney's fees.

The government, however, argues that the court should consider in determining threshold eligibility under the "substantially prevailed" standard the fact that the court denied disclosure on 18 of the 19 documents withheld. But as the court of appeals noted in *Church of Scientology*, 700 F.2d at 495 n. 7, the denial of disclosure for these documents does not resolve the fact question as to whether this lawsuit was the cause of the release of the draft Solicitor's opinion, document 25. Accordingly, the court concludes that a batting average calculation, i.e., one release out of nineteen responsive documents withheld, is relevant to the amount of entitlement but not to eligibility for fees for the document disclosed.

Alternatively, even if the "released to withheld" ratio is relevant to eligibility, the court notes that the draft Solicitor's opinion represents the present working law of the agency on the trust responsibility issue. Earlier, pre-decisional policy discussions and draft opinions were not released since they were not the working law itself. Nor were litigation reports on now concluded lawsuits. Consequently, even though only one document was released, its significance with respect to plaintiff's interests is great in that it represents a complete answer to plaintiff's original request for a Solicitor's opinion.

#### Entitlement

■ Four factors were cited with approval in *Church of Scientology*, 700 F.2d at 492, in determining whether an award of attorney's fee is appropriate.

#### (1) Public Benefit

Plaintiff bestowed a benefit on the public as a whole by successfully litigating the issue of whether the Department of Interior had, at least for the purpose of FOIA, adopted working law on the trust responsibility issue not subject to previous publication. Moreover, since the document released may provide information useful in plaintiff's academic publications there is likely to be dissemination to a public audience. Cook Aff. at 2.

#### (2) Commercial Interest Benefit

The plaintiff's affidavit indicates little, if any, commercial benefit will be derived from the document's disclosure.

#### (3) Nature of Plaintiff's Interest

Plaintiff's interests in the information sought indicates nothing to do with protecting a private financial interest but rather lie with scholarship and public disclosure. Cook Aff. at 2. This factor, like the public benefit factor, favors an award.

#### (4) Government's Basis for Withholding

The government clearly had a reasonable basis for withholding documents 1, 12, 13, 15, 20, 21, 23 and 24 under the attorney

work product doctrine. *See* Memorandum and Order, November 22, 1983 at 7.

Moreover, documents 6, 10, 11, 14, 16, 17, 18, 19, 22 and 26 are exempt from disclosure under the deliberative process privilege. *Id.* at 8–11. On the other hand, no reasonable basis for withholding document 25, the often-revised and never published "draft" Solicitor's opinion, was established. To the contrary, upon inquiry from the court the government admitted that despite its initial statements that there was an ongoing deliberative process, it had no currently active plan to formulate a final policy. In sum, taking these factors as a whole the court determines that the government's reasonable basis in withholding most of the requested documents counsels the court to reduce the amount of plaintiff's entitlement by approximately one-half. The court arrives at that factor from taking notice that roughly half of the briefing and argument was devoted to the attorney work product doctrine defense. The remaining half of the time and energy devoted to this litigation involved the deliberative process doctrine and, particularly the working law exception to the exemption upon which plaintiff prevailed.

■ The government has asked the court to hold an evidentiary hearing in the event the court decided to award any fees and to take evidence on certain factors relating to entitlement. *See* Gov't opp. at 12. There are no factual disputes regarding whether plaintiff has substantially prevailed, i.e., whether plaintiff had a need for the information and whether the lawsuit was the cause of the document's release. The government concedes as much by conditioning its requests for an evidentiary hearing on the event of a decision to award some fees. Accordingly, the court of appeal's admonition to conduct an evidentiary hearing on the issue of whether plaintiff is eligible for fees, i.e. substantially prevailed, is not triggered since no facts relevant to that issue are disputed. *Cf. Church of Scientology*, 700 F.2d at 494.

The issues on which the government desires to cross examine plaintiff are (1) whether the plaintiff can by testimony establish further evidence of a benefit to the public; (2) whether, despite plaintiff's conceded public interest in the disclosure of the documents, there might be revealed, upon cross examination, a private incentive itself sufficiently compelling, *see generally Cuneo v. Rumsfeld,* 553 F.2d 1360, 1368 (D.C.Cir.1977); and (3) whether plaintiff's rate of $85.00 per hour and number of hours worked is excessive. *See* Government's Opp. at 10–12.

The court concludes that an evidentiary hearing is not required as a predicate to making the findings of fact and conclusions of law sufficient, in the exercise of the court's discretion, to uphold an award of attorney fees for 62.5 hours of legal work performed. The first evidentiary issue suggested by the government, i.e. whether the plaintiff is guided by a private quest, is not substantial. Even if plaintiff is solely on a private quest, the court concludes as a matter of law that the public benefited from the court's ruling that the government may not shield its policy regarding trust responsibility from public scrutiny under the deliberative process doctrine when, in fact, the deliberative process has been put on indefinite hold. *See Memorandum and Order,* at 11; *Cf. Church of Scientology,* 700 F.2d at 493 (plaintiff as private attorney general) *quoting Exner v. FBI,* 443 F.Supp. 1349, 1353, *aff'd,* 612 F.2d 1202 (9th Cir.1980).

The second evidentiary issue suggested by the government is also not substantial. Even if plaintiff had, in addition to his concededly public interest, a private interest sufficient to insure the instant case, the court does not consider the plaintiff's private vice, however commercial, a significant taint upon the public virtue served by obtaining public disclosure of an agency's working law.

The government also argues that an evidentiary hearing is required to determine whether plaintiff's hourly rate and the amount of hours billed are excessive. With respect to the first question, the government has failed to raise the slightest evidentiary question regarding the reasonableness of plaintiff's billing rate. Plaintiff's affidavits overwhelmingly establish

that $85.00 is a reasonable rate regardless of whether the legal services performed are for deposition and trial preparation or for resolution of a dispute on summary judgment. With respect to whether the amount of hours billed are excessive, the court has in effect mooted that issue by reducing by a factor of one-half the amount of plaintiff's entitlement as a result of its conclusion that the government's position had, in part, a reasonable basis in law. Moreover, although the government has had available for scrutiny plaintiff's complete time sheets for work performed in this matter, there has been no specific challenge to any instances of excessive billing for the work performed.

Accordingly, IT IS ORDERED:

(1) THAT plaintiff's motion for attorney fees is granted as follows: Plaintiff may recover attorney fees for 62.5 hours of legal work billed at $85.00 in the amount of $5,312.50.

(2) THAT the Clerk may amend the final judgment entered in this action in accordance with paragraph 1.