**James R. MAYOCK, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, et al., Defendants.**

**No. C–85–5169–CAL.**

United States District Court,
N.D. California.

May 16, 1990.

Eric J. Sinrod, Salvador A. Casente, Peter Koenig, Hancock, Rothert & Bunshoft, San Francisco, Cal., for plaintiff.

James R. Mayock, San Francisco, Cal., pro se.

Joseph P. Russonellio, U.S. Atty., Andrew M. Wolfe, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## OPINION AND ORDER

LEGGE, District Judge.

James R. Mayock, the plaintiff and an attorney, and his attorneys Hancock, Rothert & Bunshoft seek awards of attorney's fees. The petitions are opposed by defendant the Immigration and Naturalization Service (INS), and were briefed, argued and submitted to the court for decision. The court has reviewed the moving and opposing papers, the record of the case, the arguments of counsel, and the applicable authorities.

IT IS ORDERED as follows.

### I.

Plaintiff is an attorney specializing in immigration law. He originally filed this suit on behalf of certain clients, to require the INS to comply with the requests which he had made on their behalf under the Freedom of Information Act (FOIA). After those specific FOIA requests were resolved, plaintiff continued with this case in his own name, contending that the INS had a pattern and practice of not complying with FOIA in immigration cases. In 1988, the Hancock firm also appeared as counsel for Mayock.

In an opinion of June 19, 1989, this court granted Mayock's motion for summary judgment, and denied the INS's motion for summary judgment. 714 F.Supp. 1558. The court made certain declarations of law,

ordered the INS to comply with certain procedures under FOIA, and retained jurisdiction to determine whether an award of attorney's fees is appropriate.

The right to attorneys' fees under FOIA is defined by 5 U.S.C. § 552(a)(4)(E): "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

### II.

▇ The first issue is whether Mayock is entitled to receive attorneys' fees for his own services. As stated, Mayock is an attorney and he became the sole named plaintiff after the individual FOIA requests of his clients were resolved. May an attorney who is a plaintiff be awarded attorney's fees under FOIA for his own services?

The Ninth Circuit has not had occasion to rule upon this issue. The four circuits which have ruled on the matter have divided in their conclusions. Two circuits have awarded fees: *Cazalas v. United States Department of Justice*, 709 F.2d 1051, 1056–57 (5th Cir.1983); and *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C.Cir. 1977). Two circuits have denied awards: *Falcone v. IRS*, 714 F.2d 646, 647–48 (6th Cir.1983) *cert. denied*, 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984); and *Aronson v. United States Department of Housing & Urban Development*, 866 F.2d 1, 5–6 (1st Cir.1989).

This court concurs with the decision and reasoning of the First Circuit in *Aronson*. The result reached there is consistent with the language of the code section, which requires that the attorneys' fees be "incurred." [1] It is also supported by the legislative history of the code section. *See* S.Rep. No. 93–854, 93rd Congress, 2nd Session 17 (1974), reprinted at Freedom of Information Act and Amendments of 1974 (PL 93–502), and hearings Volume 1 at page 175. And it is consistent with the

---

**1.** This court disagrees with the statement in *Cuneo* that the word "incurred" modifies only

the cost provision of the statute and not the attorneys' fees provision.

following decisions which, while not on precisely the same issue, are relevant to it.

The Ninth Circuit has held that a *pro se* litigant, who is not an attorney, is not entitled to receive attorneys' fees under FOIA; *Carter v. Veterans Administration*, 780 F.2d 1479, 1481 (9th Cir.1986). As stated in *Aronson*, this court agrees that *pro se* plaintiffs who happen to be attorneys should not be treated differently from *pro se* litigants who are not attorneys; *Aronson*, 866 F.2d at 5.

This court has also considered cases considering awards of attorneys' fees to attorney litigants under other statutes. In *Ellis v. Cassidy*, 625 F.2d 227, 230–31 (9th Cir. 1980), the Ninth Circuit upheld an award of attorneys' fees to *pro se* defendants under 42 U.S.C. § 1988. However, that decision does not control this case. Section 1988 does not contain a requirement that the attorneys' fees be "incurred." And the court in *Ellis* was influenced by the fact that those attorneys were defendants who had to defend themselves against a frivolous suit; *see Merrell v. Block*, 809 F.2d 639, 641 (9th Cir.1987). Other Ninth Circuit decisions have denied attorneys' fees to *pro se* litigants who were not attorneys under (1) the Truth in Lending Act, 15 U.S.C. § 1640(a)(3), in *Hannon v. Security National Bank*, 537 F.2d 327, 328–29 (9th Cir.1976); and (2) the Equal Access to Justice Act, 28 U.S.C. 2412(d)(1)(A), in *Merrell*, 809 F.2d 639, 641–42.

Some decisions have awarded attorneys' fees to legal aid organizations; *e.g., Kessler v. Associates Financial Services Co.*, 639 F.2d 498, 499 (9th Cir.1981); *Dennis v. Chang*, 611 F.2d 1302, 1305–07 (9th Cir. 1980); *Leeds v. Watson*, 630 F.2d 674, 677 (9th Cir.1980); and *Hannon*, 537 F.2d 327. However, those cases are distinguishable. They arose under different statutes, with different legislative histories, and different legislative objectives. They did not arise under statutes which provided that the attorneys' fees must be "incurred." And none involved an attorney who was seeking compensation for his own time.

Finally, this court notes that plaintiff Mayock was not alone in representing himself. Beginning in 1988, the Hancock firm also represented him, and a separate award of attorneys' fees is sought on behalf of the Hancock firm.

The court therefore concludes that plaintiff Mayock is not entitled to attorneys' fees for the time which he and his law firm spent in prosecution of this litigation.[2]

### III.

A request for fees is also made on behalf of the Hancock firm. The application was initially made by the Hancock firm itself, rather than by plaintiff Mayock, and defendant objected for that reason. However, defendant now agrees that this court can consider the application as having been made by Mayock for the fees of his attorneys the Hancock firm.

### A.

The statute requires that in order for a litigant to receive attorneys' fees, he must "substantially prevail" in the litigation. This requirement has been met. The court's opinion of June 19, 1989 discussed plaintiff's claims, the contrary arguments and the law, and awarded summary judgment for plaintiff and against defendant. The INS argues that plaintiff did not prevail on three of his claims: the *Vaughn* indices, the electronic data bases, and the bad faith exemption. However, the statute does not require complete success in order to "substantially prevail." *Exner v. Federal Bureau of Investigation*, 443 F.Supp. 1349, 1354 (S.D.Cal.1978), *aff'd*, 612 F.2d 1202 (9th Cir.1980). Plaintiff clearly prevailed on his central claim and request for relief; that is, that so much time was being taken by the INS in the production of information that litigants who needed the information in proceedings before the INS could not receive it before their litigation terminated. The fact that some specific forms of relief were not granted by this court, and that there was difficulties in fashion-

---

**2.** For the same reasons, an award of attorneys' fees is denied to attorney Richard M. Pearl, who was associated with Mayock and who represented Mayock in the attorneys' fees motions.

ing an appropriate form of judgment, does not alter the fact that plaintiff substantially prevailed on the basic objective of his suit.

### B.

Since plaintiff did substantially prevail, the court has discretion to determine whether plaintiff is entitled to an award of attorneys' fees. *Church of Scientology v. United States Postal Service,* 700 F.2d 486, 492 (9th Cir.1983). In determining whether to exercise that discretion, the Ninth Circuit requires this court to weigh four factors enumerated in *United Assn. of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 598 v. Department of the Army,* 841 F.2d 1459, 1461 (9th Cir.1988).

1. *Public benefit.* There is no doubt that the public did benefit from the results of this litigation. The judgment compels the INS to comply with FOIA requirements, in a setting where the denial of the information was having a substantial adverse impact on the ability of the litigants to protect their interests in immigration litigation.

2. *Commercial interest,* and 3. *plaintiff's interest in the records.* Plaintiff was advancing his clients' interests, to the extent that he sought to obtain information for his clients by initially filing the FOIA request and this suit. Once that portion of the case was concluded, the continued prosecution by plaintiff, to establish that the INS had a pattern and practice of not complying with FOIA, was more a public benefit than a commercial interest. The relief which plaintiff obtained was not just for himself, but also for other litigants and attorneys before the INS. While as an attorney he undoubtedly derives some financial benefit from the success of this case, that is difficult to quantify and appears to be less than the public interest. The court believes that plaintiff's limited commercial interest and personal interest in the records do not disqualify him from seeking the attorneys' fees of the Hancock firm.

4. *Defendant's reasonable defense.* Some of defendants' positions were reasonable and valid, and indeed the INS prevailed on certain aspects of the relief sought. In addition, this court has already expressed its appreciation for the INS's burdens in complying with FOIA's literal requirements. Nevertheless, in spite of the reasonableness of some of the INS's positions, plaintiff did prevail on the core of his contentions and requested reliefs. This court does not believe that the reasonableness of some of defendant's position disqualifies plaintiff from an award of attorneys' fees; rather, the government's arguments are instead matters to be weighed in setting the amount of the award.

### C.

█ To calculate the award, this court must first calculate the "lodestar" amount, by multiplying the number of hours reasonably expended times a reasonable hourly rate. Then, the court may increase or reduce the lodestar figure by applying the twelve factors in *Kerr v. Screen Extra's Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975) *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

The Hancock firm has submitted records showing the work done, by whom it was done, and the number of hours expended. The court finds that the Hancock records are adequate.

Compensation is sought for approximately one thousand four hundred and forty-four (1,444) hours of time expended by attorneys, legal assistants, case clerks, and summer associates, at hourly rates which total one hundred fifty-eight thousand three hundred seventy-two dollars ($158,-372).

The court finds that the hourly rates were reasonable and were the rates in effect in the community at the time that the services were performed. The court also finds that the assignments of responsibility were made to the appropriate levels of attorney and nonattorney personnel, commensurate with their experience and the work done. And the court finds that all of

the hours claimed by the Hancock firm were spent on the litigation.

The INS contends that the total number of hours should be reduced by the time that was spent in seeking relief which plaintiff did not obtain. The Hancock firm has already deducted approximately thirty-one thousand dollars for work it did not believe was essential to the results obtained. The United States Supreme Court has made it clear that while there should not be a reduction in claimed fees simply because the district court did not adopt each contention made by the claimant (*Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983)), a district court should exercise equitable discretion to eliminate hours or to reduce the award to account for limited success (*Texas State Teachers Assn. v. Garland Independent School District*, — U.S. —, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989)). As stated, plaintiff substantially prevailed on his core claims, but various claims and forms of relief plaintiff sought were denied. The court believes that the correct means to address the issue in this case is not to reduce a specific number of hours, but to adjust the total amount of the award to account for the limited success under paragraph D below.

Defendant also claims that the court should reduce the number of hours because of alleged overstaffing and duplication. Some of the claimed duplication is with Mayock's time as an attorney; however, the court does not believe that this duplication should result in a reduction of the Hancock claim, since no award of attorneys' fees is being made to Mayock. The court also concludes, upon reviewing the Hancock time records, that there was not such overstaffing or duplication within the Hancock firm as to require a reduction in hours. The court therefore concludes that the number of hours requested is reasonable. This results in a lodestar amount of $158,372.

## D.

▮ The Hancock firm seeks to have this award enhanced by a multiplier of 1.5. Defendant opposes the multiplier and argues for a reduction of the lodestar amount. This requires the court to examine the claims against the twelve *Kerr* factors. The court has done so, and concludes that the following are the most significant of the factors that are relevant to this case.

1. The result obtained was consistent with plaintiff's core claim. But, as stated, the success was not total. And the success that was obtained was in part as a result of the willingness of defendant to make some adjustments in its FOIA procedures. The court does not believe that the result was so extraordinary as to justify an increase in the lodestar amount for that reason. *See Cunningham v. County of Los Angeles*, 869 F.2d 427, 434 (9th Cir.1988), rereported, 879 F.2d 481 (9th Cir.1988), *cert. denied*, — U.S. —, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990).

2. Plaintiff argues for an increase because of the risk of not prevailing, relying on *Fadhl v. San Francisco*, 859 F.2d 649 (9th Cir.1988). However, the factual record in *Fadhl* was much different than in this case. And this case was not undertaken by the Hancock firm as a contingent fee case, but was initially assumed on a *pro bono* basis.

3. The reasonableness of some of the positions taken by defendant on the merits of the case is also a reason for not increasing the lodestar amount.

4. The court does not believe that the other arguments for upward departure need discussion, and the other *Kerr* factors do not suggest or require an enhancement of the lodestar amount. The court also notes that the Hancock firm had the assistance of Mayock's own legal work, and that Mayock's time is not being compensated for the reasons stated above.

The court therefore concludes that plaintiff is to be awarded, as the reasonable attorneys' fees of the Hancock firm, the sum of $158,372. Plaintiff is also awarded Hancock's reasonable costs, in the amount of nine thousand five hundred ninety-eight dollars and three cents ($9,598.03).

## IV.

In conclusion, this court would note the unpleasant nature of the task of resolving such requests for attorneys' fees. Both Mayock and the Hancock firm performed a substantial public service in bringing this litigation and pursuing it to a successful conclusion. But not all public benefit can or should be measured in terms of money. Public service is not without its rewards, but those rewards are not all financial.

The court's rulings on these motions are not meant to be a measure of the "worth" or "value" of the services which Mayock and the Hancock firm performed. As with most judicial decisions, this court is constrained by the statute passed by Congress and by the decisions of the appellate courts. Based upon that authority, this court must conclude that Mayock is not entitled to an award of attorneys' fees for his time as a *pro se* litigant. And the fees that are being awarded to the Hancock firm, while not what the Hancock firm desires, are also in accordance with the requirements of law.

IT IS SO ORDERED.