Karen L. MANOS, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
THE AIR FORCE, Defendant.

No. C–92–3986 MHP.

United States District Court,
N.D. California.

Aug. 13, 1993.

Karen L. Manos, pro se.

John A. Mendez, U.S. Atty's Office, San Francisco, CA, Ann M. O'Regan, U.S. Atty's Office, Stephen L. Schirle, Asst. U.S. Atty., U.S. Atty's Office, Civil Div., San Jose, CA, for defendant.

### MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

PATEL, District Judge.

This matter is before the court on plaintiff Major Karen L. Manos' application for attorney's fees under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) et seq. The issue presented is whether an attorney who is a *pro se* plaintiff and who has substantially prevailed on a FOIA claim may be awarded attorneys' fees under FOIA. Having considered the parties' memoranda and pertinent case law, the court enters the following Memorandum and Order.

*LEGAL STANDARD*

FOIA permits the court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Deciding whether to award attorneys' fees in a FOIA case involves a two-step inquiry: (1) whether the plaintiff is eligible for an award of attorneys' fees; and (2) whether the plaintiff is entitled to such an award. *Church of Scien-*

*tology v. U.S. Postal Service,* 700 F.2d 486, 489 (9th Cir.1983).

■ The plaintiff in a FOIA action is required to present convincing evidence that two threshold conditions have been satisfied in order to be eligible for attorneys' fees. First, the plaintiff must show that it was reasonably necessary to file the action to obtain the information. Second, the filing of the action must have a substantial causative effect on the delivery of information. *Exner v. Federal Bureau of Investigation,* 443 F.Supp. 1349, 1353 (S.D.Cal.1978), *aff'd,* 612 F.2d 1202 (9th Cir.1980). Whether a party meets both of the above requirements, and thus substantially prevails on her claim, is a factual determination for the district court. *Church of Scientology,* 700 F.2d at 489.

■ The award of costs and attorneys' fees does not automatically follow from a finding that the plaintiff has substantially prevailed; the court has discretion to determine whether plaintiff is entitled to an award of attorney fees. *Cuneo v. Rumsfeld,* 553 F.2d 1360, 1365 (D.C.Cir.1977); *see also* S.Conf.Rep. No. 93–1200, 93d Cong., 2d Sess. 10, *reprinted in* 1974 U.S.C.C.A.N. 6267, 6288.

The Ninth Circuit, along with a majority of other circuits, has outlined four factors for district courts to consider in determining entitlement to an award of attorneys' fees: "(1) the benefit to the public, if any, deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records sought had a reasonable basis in law." *Church of Scientology,* 700 F.2d at 492.

## DISCUSSION

### I. *Eligibility For Attorneys' Fees*

■ Manos requested specific redacted documents under the FOIA from the Air Force's Judge Advocate General. The request was then forwarded to the Air Force's Freedom of Information Manager for processing. Although many responsive documents were produced, the Air Force withheld certain documents as exempt from production on the grounds that disclosure, even of redacted documents, would create an unwarranted invasion of personal privacy. The court conducted an *in camera* review of the documents and found that in all but one instance, the redaction adequately protected privacy interests. The Air Force was ordered to promptly produce the withheld documents.

Based on this finding, this court held that Manos substantially prevailed on her FOIA claim. Mem. and Order of Mar. 24, 1993, at 5. Because this court found, and the Air Force has not contested, that Manos substantially prevailed in her claim, she is eligible for an award of attorneys' fees. However, it remains to be decided whether Manos, a *pro se* attorney plaintiff, is entitled to an award of attorneys' fees.

### II. *Entitlement To Attorneys' Fees*

The purpose behind FOIA is to ensure a national policy of open government through the disclosure of government information. H.R.Rep. No. 93–876, 93rd Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 6267, 6268. The FOIA fee provision was specifically designed to remove the barriers a private individual faces in ensuring government compliance with the policy of open government. The policy serves three clear purposes. "First, it acts as an incentive for private individuals to pursue vigorously their claims for information." *Cazalas v. U.S. Dep't of Justice,* 709 F.2d 1051, 1057 (5th Cir.1983). Persons should not be blocked from rightfully obtaining governmental information simply because they cannot afford to have counsel assist them. "Second and third, the provision serves a deterrent and, to a lesser extent a punitive purpose." *Id.* It follows that if the government were forced to pay fees every time it withheld documents that did not satisfy the reasonable basis requirement, it would be more reluctant to oppose FOIA requests.

While attorneys' fees may be awarded when a litigant retains counsel and substantially prevails in her claim, the Ninth Circuit has held that a *pro se* litigant, who is not an attorney, is not entitled to receive attorneys' fees under FOIA. *Carter v. Veterans Ad-*

*ministration,* 780 F.2d 1479, 1481 (9th Cir. 1986). This view is followed by all the circuits that have considered this issue. *See e.g., Benavides v. Bureau of Prisons,* 993 F.2d 257, 259 (D.C.Cir.1993); *DeBold v. Stimson,* 735 F.2d 1037, 1042–43 (7th Cir. 1984); *Wolfel v. United States,* 711 F.2d 66, 68–69 (6th Cir.1983); *Clarkson v. IRS,* 678 F.2d 1368–1371 (11th Cir.1982); *Cunningham v. FBI,* 664 F.2d 383, 384–87 (3d Cir. 1981); *Barrett v. Bureau of Customs,* 651 F.2d 1087, 1090 (5th Cir.1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982); *Crooker v. U.S. Dep't. of Treasury,* 634 F.2d 48, 49 (2d Cir.1980); *Crooker v. Dep't. of Justice,* 632 F.2d 916, 920–921 (1st Cir.1980); *Burke v. U.S. Dep't of Justice,* 559 F.2d 1182 (10th Cir.1977).

However, the issue of whether an attorney who is a *pro se* litigant is entitled to attorneys' fees in a FOIA claim has yet to be decided by either the Supreme Court or the Ninth Circuit. The four circuits that have ruled on this issue are split evenly. Two circuits have held that *pro se* attorney plaintiffs are entitled to fees under FOIA. *See Cazalas v. U.S. Dep't of Justice,* 709 F.2d 1051, 1056–57 (5th Cir.1983); *Cuneo v. Rumsfeld,* 553 F.2d 1360, 1366 (D.C.Cir. 1977). The two other circuits that have addressed the issue have denied fees. *See Aronson v. U.S. Dep't of Housing and Urban Dev.,* 866 F.2d 1, 5–6 (1st Cir.1989); *Falcone v. IRS,* 714 F.2d 646, 647–48 (6th Cir.1983), *cert. denied,* 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984). Two district courts in the Ninth Circuit have also considered the issue, coming to opposite conclusions. *See Mayock v. INS,* 736 F.Supp. 1561, 1562–63 (N.D.Cal.1990) (denying fees); *Cook v. Watt,* 597 F.Supp. 552, 554–55 (D.Alaska 1984) (awarding fees).

■ The specific issue which this court and other courts denying attorneys' fees have grappled with is whether fees should be awarded simply because the *pro se* plaintiff also happens to be an attorney. *See Falcone,* 714 F.2d at 647. After careful review of the policies behind the attorneys' fees provisions and for the following reasons, this court adopts the rule of the First and Sixth Circuits that a *pro se* FOIA plaintiff who is an attorney is not entitled to attorneys' fees.

A canvass of other statutory provisions that award attorneys' fees supports the court's decision. For example, in *Kay v. Ehrler,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), the Supreme Court held that *pro se* attorney plaintiffs are not entitled to attorneys' fees under 42 U.S.C. § 1988. The attorneys' fee provision in FOIA is based on the same congressional intent as in section 1988, namely, that fee awards enable potential plaintiffs to obtain the assistance of counsel to vindicate and uphold their rights. *Rosenfeld v. U.S.,* 859 F.2d 717, 724 (9th Cir.1988). Because substantially similar policies underlie the attorneys' fees provisions of FOIA and section 1988, *Kay* strongly supports a denial of fees under FOIA to *pro se* attorney plaintiffs.

One of the reasons the Ninth Circuit denies fees to a lay *pro se* plaintiff is that it does not advance the goals of FOIA's fee provision to allow a litigant to recover for a non-performed service or to be compensated where no fee has been paid. *Carter,* 780 F.2d at 1481. *See also Aronson,* 866 F.2d at 6 (citing *Crooker,* 632 F.2d at 920); *Barrett,* 651 F.2d at 1090. The Sixth Circuit noted that an award of attorneys' fees to successful FOIA plaintiffs was intended to relieve plaintiffs with legitimate claims of the burden of legal costs; it was not intended as a reward for successful claimants or as a penalty against the government. *Wolfel v. United States,* 711 F.2d at 68–69. When no attorneys' fees are incurred, the hardship which Congress intended to ease by way of the attorneys' fees provision does not surface. *See also Crooker,* 632 F.2d at 921.

The *Cazalas* court justified awarding attorneys' fees to a *pro se* attorney plaintiff because "through her self-representation, [the attorney] employed legal skills to vindicate an important public right and is entitled to be compensated for the work she performed." *Cazalas,* 709 F.2d at 1057. This reasoning is not persuasive. A *pro se* non-attorney plaintiff also vindicates public rights when she takes it upon herself to vigorously, and at her own expense, litigate her claim to prevent the government from escaping com-

pliance under FOIA. To grant Manos' application for attorneys' fees when a lay *pro se* FOIA litigant who also substantially prevailed in her action would be denied fees does not in any discernable way advance the policy behind the FOIA attorneys' fees provision. As the First Circuit noted, "we do not think it seemly to treat *pro se* lawyers differently than *pro se* lay litigants." *Aronson,* 866 F.2d at 6.

This court is mindful of the time, effort and expense that Manos has expended to receive documents that were improperly withheld from her. Because the Air Force refused to comply with her FOIA request, Manos had virtually no choice left but to file suit to compel production of the requested redacted documents. Had Manos hired an attorney to help pursue her right under FOIA for the documents, and substantially prevailed in her claim, attorney' fees might have been awarded. Manos argues that she should not be denied fees simply because she happens to be an attorney. *See Cuneo,* 553 F.2d at 1366. The court disagrees.

Lay and attorney *pro se* litigants who pursue their claims for rightful access to information further the purpose behind the attorneys' fee provisions. Each provides a benefit by enhancing the public interest in bringing the government into compliance with the law. With this in mind, fairness and sound policy resist a finding that an attorney representing herself is more entitled to a fee under FOIA than a lay person representing herself. Accordingly, this court finds one result is compelled—plaintiff's fee application must be denied.

### III. *Costs*

■ The Ninth Circuit has ruled that a *pro se* litigant who has prevailed may recover all costs reasonably incurred. *Carter,* 780 F.2d at 1481–1482. The court sees no reason that a *pro se* litigant who is an attorney should be denied costs. Therefore, while Manos is not entitled to attorneys' fees, she is entitled to be compensated for the costs relating to the filing of this action.

### CONCLUSION

For all the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application for attorneys' fees is DENIED.

2. Plaintiff is entitled to the costs incurred in this litigation.

IT IS SO ORDERED.