Terry Louis **CARTER**,
Plaintiff-Appellant,

v.

**VETERANS ADMINISTRATION; Paul
Issing, Regional Director; and T.A.
Verrill, Adjudication Officer, Defendants-Appellees.**

No. 84–2377.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1985.

Decided Jan. 22, 1986.

Terry Louis Carter, pro. per.

JoAnn M. Swanson, Deborah Shefler, Asst. U.S. Atty., San Francisco, for defendants-appellees.

Before BROWNING and TANG, Circuit Judges and WILLIAMS,* Senior District Judge.

DAVID W. WILLIAMS, Senior District Judge.

Carter, a veteran of the armed services, was a student receiving benefits from the Veterans Administration (hereinafter V.A.). On April 20, 1983 the V.A. notified him that "any future withdrawals from school will require not only acceptable mitigating circumstances, but corroborative evidence such as statements from doctors, employers, and school officials." On May 1, 1983 Carter replied by letter and requested, pursuant to the Freedom of Information Act (hereinafter FOIA), 5 U.S.C. § 552(a)(4)(B), that he be sent copies of all rules and regulations in support of the request for corroborative evidence. The V.A. responded on May 24 informing Carter that Title 38 of the United States Code was the source of all V.A. regulations and that he could obtain a copy at any library. This inadequate response was followed by appellee's July 20th letter advising Carter that the regulations could be found in 38 C.F.R. § 21.4136(k) which could be found at any library.[1]

On July 29 Carter wrote the V.A. demanding that it send him actual copies of the rules governing the corroborative evidence requirement. Appellee ignored this request. Carter then filed this lawsuit. Subsequently, the V.A. complied with Carter's demands and supplied him with copies of the material without cost. It then moved the district court for summary judgment on the ground that production of the documents rendered Carter's complaint moot. The Court granted the motion, holding that (1) the cause was moot, and (2) that, although Carter had "substantially prevailed," his request for an award of attorney's fees and costs was denied. It is these decisions which Carter has appealed.

---

* Honorable David W. Williams, Senior United States District Judge, Central District of California, sitting by designation.

1. Appellee concedes that even that response was not totally dispositive of the request. When its counsel reviewed the correspondence, he ordered appellee's Manual M22–2 § 6.13(b) identified to Carter.

## I. MOOTNESS

This is an unsettling case. It points up the arrogance on the part of some governmental agencies in complying with Congressionally mandated requirements to furnish citizens with documents appropriate under the FOIA. While the Act does not require an agency to mail copies of requested material to persons seeking it,[2] the V.A. initially gave Carter erroneous information. Subsequently, appellee corrected this information but without explanation that Carter could make copies of the documents at its offices. *See Mandel Grunfeld and Herrick v. United States Customs Service*, 709 F.2d 41 (11th Cir.1983).

■ We hold, however, that since Carter's complaint sought injunctive relief directing the V.A. to provide the documents he requested, it was mooted when the V.A. voluntarily mailed copies of the regulations to Carter. *See Brockington v. Rhodes*, 396 U.S. 41, 90 S.Ct. 206, 24 L.Ed.2d 209 (1969) (request for writ of mandamus to compel elections board to place candidate's name on ballot mooted by occurrence of election); *Hall v. Beals*, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969) (request for injunctive relief from voter residency requirement mooted by occurrence of election); *Webb v. Department of Health and Human Services*, 696 F.2d 101, 107–08 (D.C.Cir.1982) ("Granting full access to the requested documents, as was done in this case, terminates a FOIA action.").

■ We also hold that Carter's request for attorney's fees and costs was not mooted by the V.A.'s belated compliance with the FOIA. We have previously noted that attorney fee issues are ancillary to the underlying action and survive independently under the court's equitable jurisdiction. *United States v. Ford*, 650 F.2d 1141, 1143–44 (9th Cir.1981), *cert. denied sub nom. Midwest Growers Cooperative v. United States*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.E.2d 654 (1982); *accord Lovell v. Alderete*, 630 F.2d 428, 431 (5th Cir.1980).

## II. ATTORNEY'S FEES

The V.A. argues that the district court could within its discretion deny fees to a prevailing party based upon the four factors set forth in *Church of Scientology v. United States Postal Service*, 700 F.2d 486, 492 (9th Cir.1983). There is nothing in the record to indicate that the district court denied fees based upon these factors. Its rationale was that "the plaintiff is proceeding pro se and in forma pauperis ... [and] has incurred neither fees nor costs and thus has no such expenses to recover."

■ We hold that a pro se litigant may not recover attorney's fees under the FOIA. This is an open question in this circuit although seven circuits are in agreement with our holding. *See e.g., DeBold v. Stimson*, 735 F.2d 1037, 1041 n. 2 (7th Cir.1984). We have held that a pro se litigant is not entitled to attorney's fees under analogous provisions of the Truth in Lending Act, 15 U.S.C. § 1640(a), on the ground that no financial expenditure had been made for an attorney's services. *Hannon v. Security National Bank*, 537 F.2d 327 (9th Cir.1976). "The purpose behind granting attorney's fees is to make a litigant whole and to facilitate private enforcement of the Truth in Lending Act." *Id.* at 328. Furthermore, we noted that had Congress intended to compensate non-attorneys, it could have so provided. *Id.* at 328–29. This reasoning is applicable here. *See also Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815–16 (9th Cir.1985) (pro se litigants not entitled to attorney's fees without express statutory authorization.)

## III. COSTS

■ An award of costs to a pro se litigant who has prevailed presents a different question because it would represent funds actually expended. This, too, is an issue of first impression in this circuit. Those cir-

---

2. 5 U.S.C. § 552(a) states in part: "Each agency shall make available to the public information

.... "

cuits holding that the FOIA does not permit a pro se litigant to recover attorney's fees have held that a pro se litigant may, as a prevailing party, recover all costs reasonably incurred. *See* e.g. *DeBold v. Stimson,* 735 F.2d 1037, 1043 (7th Cir.1984); *Clarkson v. I.R.S.,* 678 F.2d 1368, 1371 (11th Cir.1982); *Cunningham v. F.B.I.,* 664 F.2d 383, 387 n. 4 (3d Cir.1981). Rule 39(b) of Federal Rules of Appellate Procedure provides that costs can be awarded against the United States if "authorized by law". *Long v. United States Internal Revenue Service,* 596 F.2d 362, 370 (9th Cir.1979). Carter's suit was filed December 9, 1983. The agency did not furnish the requested documents until February 16, 1984. Costs incurred before the case became moot are recoverable, unless the district court discretionarily determines that an award of costs would be inappropriate. The case should be remanded for consideration of this question.

Affirmed in part and Remanded.