Peter G. POTOTSKY, Plaintiff,

v.

**DEPARTMENT OF THE NAVY, James Webb, Richard Slater and George Cates, Defendants.**

Civ. No. 87–0833 HMF.

United States District Court,
D. Hawaii.

June 10, 1988.

Peter G. Pototsky, Tucson, Ariz., for plaintiff.

Daniel Bent, U.S. Atty., Gary L. Beaver, Sp. Asst. U.S. Atty., Honolulu, Hawaii, Lieutenant Colonel Lawrence B. Hagel, Judge Advocate, U.S. Marine Corp., Alexandria, Va., for defendants.

## MEMORANDUM AND ORDER

FONG, Chief Judge.

Plaintiff is a former U.S. Marine Corps officer who made allegations against another Marine Corps officer, Major Roy Sifers in November, 1986. The plaintiff accused Sifers of fraternizing with an enlisted woman, improperly dumping aircraft fuel while piloting a Marine Corps helicopter and falsifying official documents regarding use of that helicopter fuel. Lieutenant Colonel C.E. Sooy was detailed to investigate the allegations and recommend appropriate administrative or disciplinary action. Lieutenant Colonel Sooy completed his investigation in January, 1987. His report of investigation was forwarded through the

military chain of command. By the time the investigation had been completed, Major Sifers had been transferred to another Marine Corps command. Therefore, Brigadier General G.L. Cates, the Commanding General of the First Marine Amphibious Brigade, the officer to whom the report had been forwarded, in turn forwarded the report to Major Sifers' commanding officer. A final adjudication of the allegations against Major Sifers has not yet been completed; therefore, law enforcement proceedings against Major Sifers are ongoing.

In February 1987, the plaintiff made a request seeking disclosure of Lieutenant Colonel Sooy's investigative report pursuant to the Freedom of Information Act (FOIA). There is some confusion whether the plaintiff already has a complete copy of the investigative report he seeks. For purposes of this Motion for Summary Judgment, the plaintiff will be considered to have only a redacted version of the investigative report that he seeks. Material withheld from the plaintiff, i.e., not within the redacted version of the investigative report, consists of:

1. Opinions and recommendations of the officers reviewing the report;

2. Names of witnesses interviewed and their actual or summarized statements;

3. Present locations of Major Sifers and those persons interviewed;

4. Opinions, recommendations and conclusions of the investigating officer other than those bearing on the plaintiff;

5. Findings of fact by the investigating officer which identified the focus of investigation; e.g., dates, locations, and evidence available;

6. Conclusions of the investigating officer as to the guilt or innocence of Major Sifers and others;

7. Social security numbers of the individuals involved in the investigation.

The agency involved, the Department of the Navy, has filed the present Motion for Summary Judgment claiming that the information withheld from the plaintiff is exempt from disclosure because of various FOIA exemptions.

The Department of the Navy claims that at least four exemptions apply to the withheld portions of Lieutenant Colonel Sooy's investigative report;

1. Exemption (b)(5) precludes the disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency";

2. Exemption (b)(6) precludes the disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy";

3. Exemption (b)(7)(A) precludes the disclosure of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings"; and

4. Exemption (b)(7)(C) precludes the disclosure of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy".

The plaintiff in his Opposition to Motion for Summary Judgment claims that he has no need for the names of the witnesses who made statements in the investigative report, no need for the present locations of those witnesses, and no need for the formulative opinions of the investigating officer. He further states that his "only intention for requesting these documents is to use them in my own appeals and lawsuits." The plaintiff apparently desires to file a future lawsuit to clear his own military records.

The plaintiff in his Cross–Motion for Summary Judgment limits his FOIA request to seek:

1. The statements made by the witnesses;

2. Final opinions, including concurring and dissenting opinions and any orders made in the adjudication of Major Sifers' case;

3. In camera inspection of the remaining unreleased portions of the investigative report;

4. The award of fees and litigation costs to the plaintiff;

5. The issuance of a written finding that Brigadier General G.L. Cates and Rear Admiral R.L. Slater acted arbitrarily and capriciously with respect to the withholding of the investigative report from the plaintiff.

I. Plaintiff's Request for Witnesses' Statements.

A. *FOIA Exemption (b)(6).*

The Navy opposes the plaintiff's FOIA request on the basis of Exemption (b)(6) which prevents revealing information in personnel, medical and similar files which would constitute a clearly unwarranted invasion of personal privacy. In the case of *Dept. of State v. Washington Post Co.*, the United States Supreme Court gave a broad definition to the term "similar files," holding that all files containing information which pertains to an individual falls within the definition of that term. 456 U.S. 595, 599–602, 102 S.Ct. 1957, 1960–67, 72 L.Ed.2d 358 (1982). Investigative records of the sort the plaintiff seeks in this case qualify as "similar files."

In *Church of Scientology, et al. v. U.S. Dept. of the Army*, the Ninth Circuit stated that applying Exemption (b)(6) requires a balancing of the public interest in disclosure against the degree of the resulting intrusion of individual privacy. 611 F.2d 738 (9th Cir.1979). The Ninth Circuit went on to identify four factors to be considered in striking the required balance:

1. The plaintiff's interest in disclosure;
2. The public's interest in disclosure;
3. The degree of the invasion of personal privacy; and
4. The availability of any alternative means of obtaining the required information.

*Id.* at 746. All four of these factors weigh against Pototsky in this case. First, the plaintiff has stated that his sole purpose for obtaining the information is to further his private interest in clearing his record. Second, there is no public interest in a release of the remainder of the investigative report. Third, there will be a very serious intrusion on Major Sifers' privacy if the requested information is released, and possibly further intrusion upon the privacy of the witnesses who provided statements in the investigation. Finally, the plaintiff has stated that he had an alternative means of obtaining the requested information as he claims to already know who the witnesses are and claims to have already contacted the witnesses who provided statements to the investigating officer.

The Court grants the defendant's Motion for Summary Judgment based on FOIA Exemption (b)(6).

B. *FOIA Exemption (b)(7)(A).*

The Navy has asserted FOIA Exemption (b)(7)(A) which protects law enforcement "records or information" when their disclosure "could reasonably be expected to interfere" with pending enforcement proceedings. As an initial matter, the Court finds that the investigation into the activities of Major Sifers is ongoing as enforcement proceedings have not concluded. The Court also finds that there is a risk of intimidation to the witnesses who provided statements to the investigating officer. The plaintiff claims that he knows the names of the witnesses and knows the contents of their statements. If this is true, there would be no risk of intimidation to the witnesses by release of their statements. The Navy has made a prima facie showing that a risk of intimidation exists. Pototsky's statement that he knows the names of the witnesses and contents of their statements is unsupported by any evidence of record. Therefore, the Court concludes that a risk of intimidation to those witnesses exists and FOIA Exemption (b)(7)(A) allows preclusion of the release of the witnesses' statements.

C. *FOIA Exemption (b)(7)(C).*

The Navy asserts FOIA Exemption (b)(7)(C) which protects from disclosure of

"records or information compiled for law enforcement purposes" if release would result in the disclosure of information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." The standard of proof for showing that the potential for an unwarranted invasion of personal privacy exists is lower for this exemption than for FOIA Exemption (b)(6). The Court finds that the investigative records sought by Pototsky were compiled for law enforcement purposes. Colonel William R. Gage ordered the investigation after receiving allegations of acts which Gage considered to be violations of military law if true. Major Sifers' commanding officer is empowered to take or recommend criminal justice or administrative disciplinary action against him based on the investigative records sought by Pototsky. The Court further finds that release of the investigative records sought would constitute an unwarranted invasion of Major Sifers' personal privacy. The release of the withheld information may also constitute an unwarranted invasion of the personal privacy of the witnesses who provided statements to the investigating officer. For these reasons, the Motion for Summary Judgment is granted on the basis that FOIA Exemption (b)(7)(C) precludes the release of the requested information.

## II. Plaintiff's Request for "Final Opinions".

The plaintiff in his Cross–Motion for Summary Judgment has requested that the Court order the release of "Final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases." This request exceeds the bounds of the plaintiff's Complaint. The plaintiff in his Complaint requested a copy of the investigative report identified as "[I]nvestigation to inquire into the circumstances connected with allegations made by Captain Peter G. Pototsky against Major Roy N. Sifers regarding violations of the UCMJ which occurred during the month of September 1984." This new request for "final opinions" goes beyond the plaintiff's initial FOIA request in his Complaint. In addition, there has been no adjudication of

the allegations which triggered the making of the requested investigative report.

■ Even if an adjudication had occurred, the written opinions, recommendations, and conclusions of the investigating officer and the officers endorsing the investigative report are exempt from disclosure under the deliberative process privilege. The Navy has asserted that privilege under FOIA Exemption (b)(5). The decision making processes of government agencies must be protected to encourage frank discussion of legal or policy matters. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–51, 95 S.Ct. 1504, 1516–17, 44 L.Ed.2d 29 (1975). The opinions, recommendations, and conclusions of military officers regarding allegations against another military officer of criminal activity should be made with candor; release of information about such matters may inhibit those officers involved in reviewing the allegations to the detriment of the decision making process. *Id.*

Plaintiff's request for "final opinions" is not properly before this Court, is premature, and is precluded by Exemption (b)(5).

## III. Plaintiff's Request for In Camera Inspection.

■ The plaintiff in his Cross–Motion for Summary Judgment requested an in camera inspection of the unreleased portions of the investigative report. In late March, 1988, the Navy provided the Court with copies of both the redacted and unredacted versions of the investigative report. The plaintiff's request for an in camera inspection is moot. The Court's in camera review of those documents shows that Pototsky is not otherwise entitled to see the unredacted version of the investigative report.

## IV. Plaintiff's Request for Fees and Litigation Costs.

■ In *Carter v. Veterans Administration*, the Ninth Circuit held that a *pro se* plaintiff is not entitled to attorney's fees. 780 F.2d 1479, 1481 (9th Cir.1986). Seven other circuits have agreed with that holding. Pototsky is a *pro se* litigant and he cannot recover attorney's fees.

If Pototsky prevails on his Complaint, he may recover costs. However, the Court has granted the defendant's Motion for Summary Judgment and holds that the plaintiff has not substantially prevailed. Therefore, the Court grants the defendant's Motion for Summary Judgment as to costs and fees.

V. Plaintiff's Request for the Issuance of the Written Finding of Arbitrariness and Capriciousness.

The plaintiff did not make a request for a finding of arbitrariness and capriciousness against G.L. Cates and R.L. Slater in his original Complaint. Therefore, his request for such a finding is not properly before the Court. In addition, the Court finds that the defendants have a good faith argument for their initial withholding of the requested information. Pototsky has not produced any evidence of arbitrariness or capriciousness in that withholding. Pototsky has failed in his proof. There is no issue of material fact as to arbitrariness or capriciousness and the plaintiff's request for a finding of arbitrariness or capriciousness is denied.

IT IS SO ORDERED.