42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry J. OLSON, Plaintiff-Appellant,
v.
Jesse BROWN, Defendant-Appellee.
 No. 94-35090.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry J. Olson appeals pro se the district court's dismissal with prejudice of his action to obtain certain records from the Department of Veterans Affairs. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Olson brought this action to obtain a copy of his file kept by the Department. After finding the government had complied with Olson's request for information, the district court gave Olson the option of either filing a motion for summary judgment concerning documents that were allegedly missing, or amending his complaint to state a claim for damages. In compliance with this circuit's law concerning deficient pro se complaints, see, e.g., McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992), the district court twice instructed Olson how to amend his complaint and provided him opportunities to do so. When Olson instead moved to compel production of requested documents, the court denied the motion and warned Olson his action would be dismissed if he did not amend his complaint. The action was then dismissed at Olson's request.
 
 
 4
 The only substantive issue on appeal is whether the district court properly refused to order production of the requested files. The court found the government mailed Olson at least one copy of his file and made other copies available for his inspection in the office of the United States Attorney. There is no indication these findings are clearly erroneous. See Fed.R.Civ.P. 52(a) (findings of fact are reviewed for clear error). While Olson alleged that certain documents were missing, he did not pursue this claim in the district court and we do not consider it. The district court did not err by denying the requested relief. See Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir.1986) (production of documents moots claim seeking order to provide documents).
 
 
 5
 We also find no error in the district court's refusal to empanel a jury, or to award attorney fees to Olson. See Spinelli v. Gaughan, 12 F.3d 853, 858 (9th Cir.1993) (no constitutional right to jury in actions seeking equitable relief); Carter, 780 F.2d at 1481 (non-lawyer pro se litigants are not entitled to attorney fees in action to obtain documents). Olson's request for fees on appeal is denied. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3