61 F.3d 910
 75 A.F.T.R.2d 95-2223, 95-1 USTC P 50,289
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James P. GABEL, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 94-16245.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Gabel appeals pro se the district court's summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner") in his action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552. Gabel alleged that the Internal Revenue Service ("IRS") failed to respond to his five FOIA requests. Gabel sought to obtain certain documents relating to his federal income tax liability for the years 1983-1987. Gabel also appeals the district court's denial of his Fed. R. Civ. P. 56(f) motion. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir. 1990). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party, will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In opposing a motion for summary judgment, a party may not merely rely on its pleadings. See Fed. R. Civ. P. 56(e).
 
 
 4
 Jurisdiction under FOIA is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records. Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980); Cal-Almond, Inc. v. United States Dep't of Agriculture, 960 F.2d 105, 108 (9th Cir. 1992). "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by Sec. 552, if the agency has contravened all three components of this obligation." Kissinger, 445 U.S. at 150.
 
 
 5
 Gabel contends that the district court erred by determining that the Commissioner did not possess any agency records that were responsive to Gabel's first four FOIA requests. This contention lacks merit.
 
 
 6
 In support of its motion for summary judgment, the Commissioner provided uncontested declarations (Gabel failed to file a timely opposition to the summary judgment motion) from IRS employees stating that there were no responsive documents to Gabel's first four FOIA requests. On appeal, Gabel has failed to provide a persuasive argument demonstrating that the district court erred in concluding that the IRS did not possess any responsive documents to Gabel's first four FOIA requests. The district court properly granted summary judgment with respect to his first four FOIA requests. See Cal-Almond, 960 F.2d at 108.
 
 
 7
 Gabel also contends that the district court erred when it determined that the Commissioner had turned over all of the documents it found in response to Gabel's fifth FOIA request. This contention lacks merit.
 
 
 8
 Under FOIA, there is no improper withholding of documents if all of the documents requested have been released to the requestor. See, eg., Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir. 1986). In support of its motion for summary judgment, the Commissioner submitted an uncontested declaration of an IRS employee stating that the IRS provided Gabel with all of the documents in its possession that provided a response to Gabel's fifth FOIA request. Because it was uncontested that the IRS provided documents to Gabel, and he has failed to set forth a persuasive argument on appeal to the contrary, Gabel's claim that the Commisioner failed to provide an adequate response to his fifth FOIA request fails. See id.
 
 
 9
 Gabel also contends thathe district court erred in denying his fed. R. Civ. P. 56(f) motion for a continuance to permit additional discovery. This contention lacks merit.
 
 
 10
 "We review the denial of a Rule 56(f) application under the abuse of discretion standard." Visa Intern. Service v. Bankcard Holders, 784 F.2d 1472, 1475 (9th Cir. 1986). In determining whether to grant a Rule 56(f) motion, a court must consider whether "the party opposing summary judgment makes (a) timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Id. at 1475. "Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).
 
 
 11
 The district court did not abuse its discretion in denying this motion. Gabel filed his Rule 56(f) motion seven days after his opposition to the Commissioner's summary judgment motion was due and on the same day that the district court issued its order granting the Commissioner summary judgment. Gabel also did not offer any reason for his failure to oppose the summary judgment Motion in a timely manner. See N.D. Ca. R. 220-3; Visa Intern. service, 784 F.2d at 1475.
 
 
 12
 The district court also satisfactorily set forth reasons why the information Gabel sought to discover was irrelevant to this case and determined that Gabel was attempting to use the FOIA as a discovery device for a possible future action. See, e.g., NLRB v. Sears Roebuck & Co., 421 U.S. 132, 143 n.10 (1974) (" t he Freedom of Information Act is fundamentally designed to inform the public about agency decisions and not to benefit private litigants."). Finally, as set forth above, the Commissioner provided Gabel an adequate explanation as to the non-existence of the documents requested in Gabel's first four FOIA requests. Accordingly, the district court correctly determined that the evidence sought by Gabel "was almost certainly nonexistent or was the object of pure speculation." See Visa Intern. Service, 784 F.2d at 1475.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3