57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sean QUINN, Plaintiff-Appellant,
v.
U.S. NAVY, Defendant-Appellee.
 No. 94-56067.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sean Quinn appeals pro se the district court's dismissal as moot of his action under the Freedom of Information Act ("FOIA"). Quinn also appeals the district court's denial of his Fed.R.Civ.Pro. 60(b) motion. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 Quinn contends that his cause of action is not moot because the United States Navy's ("Navy") response to his FOIA request was inadequate. Specifically, Quinn contends that (1) the copy of the EEG he requested was inadequate, and (2) the Navy failed to provide an accounting of the disclosures of his records. These contentions lack merit.
 
 
 4
 An action to compel the production of documents under the FOIA is mooted when the agency in control of the requested documents delivers them to the plaintiff. See Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir.1986).
 
 
 5
 Here, the Navy provided Quinn with all of the information that was responsive to his request and that was within the Navy's possession. First, the Navy provided Quinn with a copy of his EEG, the adequacy of which was attested to by the doctor who performed the EEG. Furthermore, the Navy informed Quinn that he could arrange to copy the EEG at the hospital if he so desired.
 
 
 6
 Second, the Navy informed Quinn that there were no records that responded to his request for an accounting of disclosures because there were no disclosures that required an accounting. Although the Navy is required under the Privacy Act to retain an accounting of each disclosure of a record, section 552a(c)(1) excepts disclosures made to "officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties." Here, the Navy asserts that the only disclosure of records pertaining to Quinn was within the Navy and thus exempt for the accounting requirements. Quinn's conclusory allegations that the Navy failed to maintain the required accounting is insufficient to defeat the Navy's motion to dismiss. Accordingly, because the Navy complied with Quinn's FOIA requests, the district court did not err by dismissing Quinn's action as moot. See Carter, 780 F.2d at 1481.
 
 
 7
 Quinn next contends that the district court erred by denying his motion for relief from judgment. This contention also lacks merit. Quinn failed to meet the requirement for relief under Rule 59(e) or set forth any grounds for relief from judgment under Rule 60(b). Blacklund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Accordingly, the district court did not abuse its discretion by denying Quinn's postjudgment motion. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Quinn's motion to supplement the record is denied