57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Larnel Webb LOFTON, Plaintiff-Appellant,
v.
UNITED STATES BUREAU OF PRISONS, Defendant-Appellee.
 No. 94-16382.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larnel Webb Lofton appeals pro se the district court's dismissal on remand of Lofton's action under the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 551, and the Privacy Act, 5 U.S.C. Sec. 552a. Lofton alleged that the United States Bureau of Prisons ("BOP") violated FOIA and the Privacy Act by failing to release records he sought in connection with a lawsuit he had previously filed in Colorado against prison officials for alleged sexual molestation. Lofton sought release of the documents, damages, and costs. The district court dismissed the action, holding that a compromise settlement entered in the Colorado action effectively barred this action.
 
 
 3
 On appeal, Lofton contends that the district court improperly converted defendants' motion to dismiss into a motion for summary judgment without giving notice to Lofton, as required by Fed.R.Civ.P. 56(c). This contention lacks merit.
 
 
 4
 The motion to dismiss was properly treated as such rather than as a motion for summary judgment. The only facts outside the pleadings referenced in the dismissal order involved matters properly subject to judicial notice. See Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir.1986) ("on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment").
 
 A. FOIA Claim
 
 5
 An action to compel the production of documents under the FOIA is mooted when the agency in control of the requested documents delivers them to the plaintiff. See Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir.1986).
 
 
 6
 Here, on January 25, and July 9, 1991, the BOP provided Lofton with all of the information that was responsive to his FOIA request. In addition, in March 1991, the same documents were ordered released to Lofton in the Colorado action. Because the BOP complied with Lofton's FOIA request, his FOIA claim is moot. See id. Accordingly, we affirm the district court's dismissal of Lofton's FOIA claim. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (we may affirm on any ground supported by the record), cert. denied, 113 S.Ct. 1945 (1993).
 
 B. Privacy Act Claim
 
 7
 Lofton contends that the release contained in the settlement stipulation does not bar his Privacy Act claim. This contention lacks merit.
 
 
 8
 Interpretation of settlement agreements, like interpretation of contracts, are subject to de novo review. Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989). This court relies on basic contract principles in interpreting a settlement agreement. Id. The construction of a settlement agreement is governed by principles of local law which apply to interpretation of contracts generally. Id. Here, we apply Colorado contract law because the Stipulation for Compromise Settlement was entered into in Colorado. See id. at 759-60. In determining the parties' intent under Colorado law, the terms of the instrument are to be accorded their plain and ordinary meaning. Cache Nat'l Bank v. Lusher, 882 P.2d 952, 957 (Colo.1994) (en banc).
 
 
 9
 Here, under the terms of the settlement stipulation, Lofton accepted $25,000 in full settlement his civil rights claim. The stipulation states in relevant part:
 
 
 10
 The Defendant shall pay to ... Lofton, the sum of $25,000 which shall be in full settlement and satisfaction of any and all claim and demands, of whatever nature that ... Lofton, had, has, or may hereafter acquire against [the United States] ... on account of the incidents or circumstances giving rise to the above entitled action....
 
 
 11
 The payment of the above-stated sum shall constitute a complete release and bar of any and all causes of action, claim, liens rights or subrogate interests, known or unknown to Plaintiff, by reason of, or arising from the events, circumstances, or incidents giving rise to this lawsuit.
 
 
 12
 The broad language of the settlement stipulation indicates that the parties intended to bar all current and future causes of action arising out of the alleged sexual molestation. Lofton's Privacy Act claim is based on the alleged withholding of two documents he drafted concerning the circumstances of the alleged molestation and the alleged withholding of a fifteen-dollar postal money order that was to be used in pursuing his molestation claim. Under the plain and ordinary meaning of the terms of the settlement stipulation, Lofton's Privacy Act claim is barred. See id. Accordingly, the district court did not err by dismissing this claim as barred under the settlement stipulation. See Andrus, 899 F.2d at 759.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3