106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BUD ANTLE, INC., dba Bud of California, Plaintiff-Appellant,
v.
J. Antonio BARBOSA, personally and in his official capacity
as the Executive Secretary of the California Agriculture
Labor Relations Board; Bruce J. Janigian, personally and in
his official capacity as Chairman of the California
Agriculture Labor Relations Board; IVONNE RAMOS RICHARDSON,
personally and in her official capacity as a member of the
California Agriculture Labor Relations Board; LINDA A.
FRICK, personally and in her official capacity as a member
of the California Agriculture Labor Relations Board,
Defendants-Appellees.
 No. 95-16392.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1996.
Decided Dec. 24, 1996.
 
 Before: BOOCHEVER, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bud Antle, Inc. (Bud) appeals the dismissal of its § 1983 claims against members of the California Agricultural Labor Relations Board. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Bud argues that members of the Board are not absolutely immune from damages suits because allegedly in bad faith they investigated and exercised jurisdiction over the unfair labor practice charges involving Bud and its union of cooling unit employees. Absolute immunity extends to acts that are "judicial" in nature. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Bud's main contention is that the Board erroneously determined that it had jurisdiction to hear the labor dispute; however, determination of jurisdiction is plainly a judicial function, as "it is a function normally performed by a judge." Stump v. Sparkman, 435 U.S. 349, 362 (1978). Moreover, in Bud Antle, Inc. v. Barbosa, 45 F.3d 1261, 1272 (9th Cir.1994) (Barbosa I ), we reiterated our conclusion in Fresh International Corp. v. Agricultural Labor Relations Board, 805 F.2d 1353, 1357-58 (9th Cir.1986), that ALRB adjudications are "judicial in nature."
 
 
 4
 The members of the Board are also immune from damages suits relating to their investigation of the unfair labor practice charges filed by the union against Bud. An administrative agency's investigation of a complaint filed before it is a quasi-prosecutorial function to which the Supreme Court extended immunity in Butz v. Economou, 438 U.S. 478, 515-16 (1978).
 
 
 5
 We do not agree with Bud that our opinion in Barbosa I suggests that members of the Board acted so far outside their jurisdiction that they have lost their immunity from suit. Absolute judicial immunity is pierced for acts taken "in the clear absence of all subject-matter jurisdiction." Ashelman, 793 F.2d at 1075-76. The challenged conduct must be "manifestly or palpably beyond [the judge's] authority." Spalding v. Vilas, 161 U.S. 483, 498 (1896). In Barbosa I, we held that Younger v. Harris, 401 U.S. 37 (1971), did not require us to abstain from hearing Bud's claims, because it was "readily apparent" that the employees in the cooling unit were at least "arguably" covered by the NLRA under the doctrine of Garmon-preemption, named for San Diego Building Trades Council Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236 (1959). See Barbosa I, 45 F.3d at 1273. Although we determined that the ALRB lacked jurisdiction to hear the labor dispute, nothing in the opinion suggests that the Board members should not be immune from damages suits. In that regard, it is interesting to note that Bud, itself, previously sought relief by asserting jurisdiction of the Board. Even accounting for the fact that the ALRB is a tribunal of limited jurisdiction, its erroneous assertion of jurisdiction was not so grave as to warrant piercing the Board members' immunity. Bud's allegations of bad faith do not compel us to hold otherwise, for it is well-settled that intent is irrelevant to judicial immunity analysis. See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871); O'Neil v. City of Lake Oswego, 642 F.2d 367, 370 (9th Cir.1981).
 
 II
 
 6
 We also cannot agree with Bud Antle that the district judge erred in dismissing the § 1983 claims because Bud may still obtain declaratory relief, injunctive relief, and attorney's fees. Bud is correct that under Pulliam v. Allen, 466 U.S. 522 (1984), the Board members' absolute immunity does not preclude suits for these forms of relief. Nevertheless, dismissal of the claims was proper because both of Bud's § 1983 causes of action are moot in light of the injunction ordered by Barbosa I which permanently enjoins the ALRB from conducting proceedings on state unfair labor practice charges involving employees who work in Bud's California cooling and storage facilities. If the ALRB may not conduct proceedings with respect to these employees, it follows that it cannot issue orders that violate Bud's right under the Due Process Clause to a fair and impartial tribunal or that interfere with Bud's right under the doctrine of Lodge 76, International Association of Machinists & Aerospace Workers v. Wisconsin Employment Relations Commission, 427 U.S. 132 (1976), to exert lawful bargaining pressure on the union free of state regulation.
 
 
 7
 Finally, Bud is not entitled to pursue attorney's fees under 42 U.S.C. § 1988. Where a § 1983 suit has become moot because the defendant has ceased the challenged conduct, a plaintiff may only recover attorney's fees if he can show that his claim for relief was a "catalyst" in obtaining the relief awarded. See Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir.1995). Bud's § 1983 claims were not a catalyst to the injunctive relief awarded in Barbosa I. Bud's amended first cause of action alleges an injury to its statutory rights to utilize certain forms of economic pressure free of regulation, a so-called Machinists-preemption claim, and its second cause of action alleges an injury to its Due Process right to a fair and impartial tribunal. In Barbosa I, however, we enjoined the ALRB on the distinct theory of Garmon-preemption. Thus, Bud's § 1983 claims were not a catalyst for, and made no contribution to, the relief obtained in Barbosa I.
 
 
 8
 Nor should the district court have awarded injunctive relief on Bud's § 1983 claims as well as on its claim of Garmon-preemption. As we indicated in Barbosa I, Bud makes no allegation that the ALRB has taken any remedial action against it; in the absence of such an allegation, Bud cannot show how the ALRB impinged on its right under the NLRA to employ economic weapons. Barbosa I, 45 F.3d at 1268 n. 11. Similarly, the complaint fails to state a claim under the Due Process Clause because Bud does not allege that the ALRB exercised its remedial authority against it in any way, or that the ALRB reached the merits on any aspect of any of the unfair labor practice charges. Bud points to no authority, nor can we find any, that suggests that the erroneous determination of jurisdiction, without more, constitutes a Due Process violation that a declaratory judgment might redress.
 
 
 9
 Thus, no relief was awarded or could have been awarded on Bud's § 1983 claims. For this reason, Bud cannot show that it is a prevailing party under 42 U.S.C. § 1988. Anderson v. United States Department of Health and Human Services, 3 F.3d 1343 (10th Cir.1993), and Carter v. Veterans Administration, 780 F.2d 1479 (9th Cir.1986), upon which Bud relies, are distinguishable, because in Anderson and Carter the plaintiffs' lawsuits under the Freedom of Information Act, the statute under which the plaintiffs sought attorney's fees, was the sole reason the defendants ceased the challenged conduct. Bud's § 1983 claims were not such a causal link to the relief obtained.
 
 
 10
 AFFIRMED.
 
 
 11
 REINHARDT, Circuit Judge, specially concurring:
 
 
 12
 I concur in the result.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3