Gary S. LAUGHLIN, Plaintiff,

v.

COMMISSIONER OF INTERNAL
REVENUE SERVICE,
Defendant.

No. 99–CV–1566.

United States District Court,
S.D. California.

March 23, 2000.

Gary S. Laughlin, Oceanside, CA, pro se.

U.S. Attorney CV, U.S. Attorney's Office, Civil Division, San Diego, CA, Jason S. Zarvin, U.S. Dept. of Justice, Tax Division, Washington, DC, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE WITH PREJUDICE

JONES, District Judge.

Before the Court is defendant Commissioner of Internal Revenue Service's mo-

tion for summary judgment. For reasons set forth below, Defendant's motion is **GRANTED.**

### STATEMENT OF FACTS

In this case arising under the Freedom of Information Act ("FOIA"), plaintiff Gary Laughlin brings this action against the Commissioner of the Internal Revenue Service ("IRS").[1] Plaintiff has asked that the Internal Revenue Service be required to disclose certain documents concerning Joseph Banister, a former IRS Criminal Investigation Division Agent Evidently. Banister, while working for the IRS. became disenchanted with his position and began to believe, among other things, that (1) the government may not require citizens to pay income tax and (2) the procedures employed by the IRS are unconstitutional. Consequently, he prepared a report ("the Report") detailing his conclusions and submitted it to his direct supervisor, Robert Gorini, who placed it in Banister's personnel file. Gorini Decl ¶ 3, 5, 6 Gorini then forwarded a copy of the Report to his Division Chief, Paul B. Varville. *Id.* at ¶ 6. Banister subsequently resigned his position with the IRS and began selling the Report, which he advertises on the Internet Laughlin Decl ¶ 2–5 Banister now also speaks at conferences and seminars throughout the country, where he sells the Report *Id.* at ¶ 7

On March 30, 1999, Plaintiff wrote to the IRS and requested:

5. a copy of Banister's report entitled "Investigating the Federal Income Tax: A Preliminary Report," which he submitted to his supervisor on February 8, 1999

6. a copy of the transmittal letter that Banister included with his report

7. a copy of an IRS memorandum dated February 17, 1999 informing

---

1. Although Plaintiff names the Commissioner as the defendant, Plaintiff names the Internal Revenue Service as defendant in the body of his complaint (Complaint ¶ 4).

Banister that he was being put on a seven day administrative leave

8. a copy of the internal agency memo from Commissioner Charles Rosotti dated April 28, 1998 regarding "reporting of Misconduct, Fraud, Waste and Abuse."

9. a list of all persons, their names, addresses and phone numbers within and without the Internal Revenue Service who received a copy of Mr. Banister's "Investigating the Federal Income Tax: A Preliminary Report" [2]

Complaint, Exh. A. On April 8, 1999, Fannie Davis, a Disclosure Officer with the IRS responded to Plaintiff's request. Complaint. Exh. B Davis sent Plaintiff two News memoranda from Commissioner Charles Rosotti, with release dates of April 27, 1998 and April 28, 1998, in response to Plaintiff's request number 8. *Id* She, however, declined to disclose anything else, writing

Items 5, 6, 7, and 9. This information is part of Mr. Banister's personnel file, and written consent from Mr. Banister is required for third party requests unless the information is public knowledge. The Office of Personnel Management (OPM) has designated the items of information form an employee's official Personnel Folder (OPF) that are public information, and that information is computer generated on the Public Information Listing (PIL). The six items that can be disclosed are Name, Position Title and Occupational Series, Grade of Employee, Annual Salary, Duty Stations and Position Descriptions.

Complaint, Exh. B. Plaintiff responded with a letter to Davis claiming Items 5, 6, 7, and 9 could be disclosed because the "documents ... are currently public knowledge." Complaint, Exh. D. Davis then sent a sent a second letter to Plaintiff on May 11, 1999 indicating Plaintiff's request would be turned over to the Disclosure Litigation department. Complaint Exh C.

On November 10, 1999, Jason Zarin, counsel for Defendant, sent Plaintiff two documents. (1) the response of Paul Varville to the Report and (2) Joseph Banister's letter to Robert A. Gorini accompanying the Report Zarin Declaration ¶ 2. Zarin explained that these documents were responsive to request items 6 and 7 *Id.* at ¶ 3. Lauri Takeguchi–Chital, who is responsible for requests related to the Report, reviewed Plaintiff's request and concluded that there was no "list of all persons, their names, addresses, and phone numbers within and without the Internal Revenue Service who received a copy of Mr. Banister's Investigating the Federal Income Tax: A Preliminary Report." Takeguchi–Chital Decl. ¶ 4 At some point, Plaintiff has been able to obtain a copy of the Report from the Internet at no cost

### Standard of Review

Summary judgment is properly granted to a moving party when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material facts" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1985). Moreover, "as to materiality, the substantive law will identify which facts are material Only disputes over facts that might affect the outcome of the suit under the govern-

---

**2.** This numbering reflects the scheme Plaintiff used in his original letter to the IRS Plaintiff

originally only requested these five documents

ing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. 2505.

Upon a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. § 56(e) A nonmovant must submit fact materials of sufficient strength to constitute substantial evidence *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### Discussion

The IRS contends it is entitled to summary judgment because (a) the Commissioner of the IRS is not a proper defendant to a FOIA suit, (b) Plaintiff is not entitled to relief because he has already received the items he requested, the documents have been voluntarily turned over, or they do not exist, and (c) Plaintiff is not entitled to attorney's fees or costs.

### I. The Commissioner of the IRS Is Not a Proper Defendant

■ The "Commissioner of Internal Revenue Service" is the named defendant in this action. Defendant admits he is an official of the Treasury Department. Def. Mot. 8:7–8. However, he contends that the only proper defendants in FOIA actions are federal departments and agencies. Def. Mot. 8:8–10 (citing 5 U.S.C. § 552(f),[3] 5 U.S.C. § 552a(g)(1)(B),[4] and *Thompson v. Walbran,* 990 F.2d 403, 405 (8th Cir.1993)) He therefore contends the

3. 5 U.S.C. § 552(f)(1) provides in part: "For purposes of this section, the term—'agency' as defined in section 551(1) of this title includes ... any independent regulatory agency"

4. 5 U S C § 552(g)(1)(B) provides "Whenever any agency ... refuses to comply with an individual request under subsection (d)(1) of this section, the individual may bring a civil action against the *agency,* and the district courts of the United States shall have jurisdic-

case should be dismissed because the wrong defendant has been named In response, Plaintiff seeks leave to amend his complaint to properly name the IRS. (Pl. Opp 12).[5]

"Several district courts have held that individual officers of federal agencies are not proper parties to a FOIA action" *Petrus v. Bowen,* 833 F.2d 581, 582 (5th Cir.1987) (citations omitted) The Fifth Circuit, in *Petrus,* determined that the plain language of the statute creates a cause of action against federal agencies and not its individual employees. We agree and find that the Commissioner is not a properly named defendant in this action. Accordingly, the action against the Commissioner of the Internal Revenue Service is **DISMISSED,** with prejudice.[6]

### II The IRS Is Entitled to Summary Judgment Because Plaintiff Already Has the Requested Items or the Item Does Not Exist

#### A. The IRS Is Entitled to Summary Judgment With Respect to Item 5 Because Plaintiff Already Has A Copy of the Report

■ The IRS contends it is entitled to summary judgment, with respect to item 5, on two grounds (1) the issue is moot and (2) the Report is exempt from disclosure.

The IRS contends this case is moot because Plaintiff has admitted he has a copy of the Report. Laughlin Decl ¶ 9 Courts have concluded FOIA actions become moot when the materials are voluntarily turned over *See, e.g., Carter v. Veterans Admin.,* 780 F.2d 1479, 1481 (9th Cir.1986)

tion in the matters under the provisions of this subsection" (emphasis added)

5. Plaintiff's request to amend his complaint is not properly brought before the Court as a motion.

6. The Court does not grant Plaintiff leave to amend the complaint because we grant summary judgment on another basis

The Court agrees that the request for the Report is moot. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *See Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). To the extent that the FOIA "seeks to permit access to official information long shielded unnecessarily from public view," *Department of the Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (citing *EPA v. Mink*, 410 U.S. 73, 80, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973)), the request, with respect to the Report, is moot because the Report is now in the hands of Plaintiff.[78]

### B. The Government Is Entitled to Summary Judgment With Respect to Items 6, 7 and 8 Because the IRS Has Already Turned Over these Documents

■ Plaintiff sought injunctive relief "to order defendants to produce certain documents for inspection and copying" Complaint ¶ 1 The Government contends Plaintiff's request for equitable relief is moot because the IRS has already released items 6, 7, and 8. Zarin Declaration ¶ 2–4 (explaining that he sent Plaintiff copies of (1) the response of Paul Varville to Joseph Banister's Report and (2) Joseph Banister's letter to Robert A Gorini accompanying his "report."); Complaint, Exh. B (Fannie Davis April 8, 1999 letter to Plaintiff explaining that enclosed were "two NEWS memos from Commissioner Charles Rosotti with the release date of April 27, 1998 and April 28, 1998"). The Court agrees that because the documents have already been produced, these requests are moot. *See Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986).

### C. There is no evidence that a Document Responsive to Item 9 of the Request Exists

■ The IRS argues that if there is no document responsive to a FOIA request, the Agency is not required to create one Def. Mot. 6:9–12 (relying on *N.L.R.B. v. Sears Roebuck & Co.*, 421 U.S. 132, 162, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)[9]). It then points out that it conducted a reasonable, good faith search for a document that would be responsive to Plaintiff's request item 9 and has determined that no such document exists. Def Mot 6:13–15, Takeguchi–Chital Declaration ¶ 4. Accordingly, it contends it is entitled to summary judgment on this aspect of Plaintiff's complaint

Plaintiff concedes that he is unaware as to whether the IRS has, in fact, created a list of names, phone numbers, and addressees of persons within and without the IRS who might have seen Mr. Banister's report. However, he points out that the original letter from Fannie Davis suggested that such a list existed. Specifically, Davis wrote. "Items 5,6,7, and 9: This information *is* part of Mr. Banisters [sic] personnel file, and written consent from Mr. Banister is required for third party requests unless the information is public knowledge." Complaint, Exh. B (emphasis added). Seemingly, Plaintiff contends the use of the present tense suggests that such a document *does* exist but that it could not be disclosed because it was part of Banister's personnel file. However, the letter simply states that the *information* would be part of Mr. Banister's personnel file— not that the document actually existed

---

**7.** At least one court has treated a request as moot where plaintiff had possession of the requested document. *See, Lawrence v. Commissioner of the Internal Revenue Service*, No. ED CV 99–251 (C D CA, Nov 8, 1999)

**8.** Because the Court finds the request for the Report moot, we decline to address whether the Report is exempt from disclosure

**9.** In *Sears,* the court held that the FOIA does not compel agencies to create documents which they would not otherwise required to create, the Act "only requires disclosure of certain documents which the law requires the agency to prepare or which the agency has decided for its own reasons to create" 421 U.S. 132, 162, 95 S.Ct. 1504

Plaintiff has failed to offer any evidence beyond his mere speculation that the requested document exists Accordingly, the Government is entitled to summary judgment on this ground because Plaintiff has not created a genuine issue of material fact regarding whether the IRS failed to disclose a document responsive to request number 9.[10]

### III   Plaintiff Is Not Entitled to Attorney's Fees and the Court Declines to Award Costs

The IRS correctly observes that, as a pro se plaintiff, Laughlin may not collect attorney's fees *See Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986). This Court, however, has explained that a pro se plaintiff may be awarded costs. *See id.* To be entitled to costs, a plaintiff must substantially prevail. 5 U S C § 552(a)(4)(E). The plaintiff must demonstrate (1) the filing of the action could reasonably have been regarded as necessary to obtain the information, and (2) the filing of the action had a substantial causative effect on the delivery of the information. *See Church of Scientology v. U.S. Postal Service*, 700 F.2d 486, 489 (9th Cir. 1983). Even upon such a showing, a court must consider: (1) the benefit to the public, if any, deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought, and (4) whether the government's withholding of the records sought had a reasonable basis in law *See id* at 492

The Government first argues Plaintiff has failed to show that the prosecution of the suit was necessary to obtain the requested records Plaintiff's possession of the Report and the disclosure of Item 8 prior to the filing of the suit clearly establishes that the suit was unnecessary as to

these documents As to items 6 and 7. Plaintiff suggests that the lawsuit was necessary and points to the timing of the Zarin's disclosure on the eve of the IRS' summary judgment motion. However, even if the IRS's disclosure of Items 6, and 7 were prompted by the filing of the action, the Court declines to award costs due to other considerations.

Plaintiff cannot establish any of the four factors that might entitle him to an award of fees. There is no conceivable public purpose to this lawsuit given that the Report is readily accessible commercially. Moreover, there is no reason to believe that its disclosure promotes the public interest as it appears to be nothing more than the private opinions of a single former government agent. With respect to Items 6, and 7, there is no apparent public benefit to the release of such material, this information in no way furthers the FOIA's goal of "shed[ding] light on an agency's performance of its statutory duties." *Department of Justice v. Reporters Comm., for Freedom of the Press*, 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Rather, this information pertains to the agency actions as to an individual employee

The second factor also suggests Plaintiff is not entitled to costs The Ninth Circuit has explained that where the potential for private commercial benefit is sufficient incentive to encourage a plaintiff's pursuit of his claim, the court has discretion to deny the request. *See Church of Scientology*, 700 F.2d at 494 (explaining that "... if the potential for private commercial benefit [is] sufficient incentive to encourage plaintiff's pursuit of his claim, it would not be improper for the district court to deny his attorney's fees request"). Here, Plaintiff has conceded that the FOIA request will

---

**10.** Plaintiff alternatively argues that the IRS could have satisfied the number 9 request by turning over all routing slips that documented the transfer of the report between IRS employees. This memorandum suggests this contention is unavailing. Plaintiff requested

a "list" and a compilation of routing slips is not a list such that it could fall within the scope of the number 9 request Accordingly, Plaintiff cannot now expand the original request to encompass this additional request.

further a lawsuit he is currently pursuing against the IRS. Accordingly, he has a sufficient incentive to pursue the FOIA request such that the additional incentive of an award of costs is not necessary.

Further, the Government's proffered reason for declining to disclose the materials was reasonable. The Government could have justifiably believed that the disclosure of these documents constituted "a clearly unwarranted invasion of personal privacy" into the personnel files of Mr. Bannister which would exempt these document from disclosure under § 552(b)(6). Accordingly, the Court declines to award Plaintiff costs for this action

### Conclusion

Based upon the foregoing, Defendant's motion for summary judgment is hereby **GRANTED.** Defendant Commissioner of Internal Revenue Service is **DISMISSED,** with prejudice. Plaintiff's request for Items 5, 6, 7, 8 and 9 are **DENIED.** Accordingly, this case is **DISMISSED, WITH PREJUDICE**

**IT IS SO ORDERED.**