**Thomas Richard BEECH,
Plaintiff–Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE SERVICE,
Defendant–Appellee.**

**No. 01–16986.**

**D.C. No. CV–00–01274–MHM.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 13, 2002.

Before O'SCANNLAIN, BERZON and RAWLINSON, Circuit Judges.

MEMORANDUM**

Thomas Richard Beech appeals pro se the district court's order dismissing his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

action against the Internal Revenue Service ("IRS"), alleging improper tax collection, and seeking a refund, damages, and documents pursuant to the Freedom of Information Act ("FOIA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for lack of subject matter jurisdiction. *Hughes v. United States,* 953 F.2d 531, 535 (9th Cir.1992). We affirm.

The district court correctly concluded it lacked jurisdiction over Beech's claim for a refund because Beech failed to first file a claim for a refund with the Secretary of the Treasury. *See* 26 U.S.C. § 7422(a); *Quarty v. United States,* 170 F.3d 961, 972 (9th Cir.1999). The district court also correctly concluded that the tax court had exclusive jurisdiction over Beech's appeal from the adverse ruling in his collection proceedings. *See* 26 U.S.C. § 6330. The district court properly declined to recast Beech's due process claim as a *Bivens* action against officials of the IRS. *See Wages v. IRS,* 915 F.2d 1230, 1235 (9th Cir.1990).

The district court properly found, based on IRS affidavits, that the agency conducted a search reasonably calculated to uncover all relevant documents in existence and delivered copies of those documents to Beech. *See Zemansky v. EPA,* 767 F.2d 569, 571 (9th Cir.1985). Consequently, Beech's FOIA request is moot. *See Carter v. Veterans Admin.,* 780 F.2d 1479, 1481 (9th Cir.1986).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.