Emilia Navarro De **VELAZQUEZ;** et al., Plaintiffs—Appellants,

v.

Charles H. **DEMORE;** et al., Defendants—Appellees.

No. 02–15859.

D.C. Nos. CV–01–04012–MJJ, CV–01–01959–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellants' request for oral argument is denied.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Emilia Navarro de Velazquez and her four adult children appeal pro se the district court's dismissal of their Freedom of Information Act ("FOIA") action and their related action alleging that defendants improperly handled the Immigration and Naturalization Service ("INS") file of Jacinto Velazquez, the husband of Emilia Navarro de Velazquez and father of the other appellants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed.R.Civ.P. 12(b)(1) or 12(b)(6), *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir.2001), and we affirm.

Because appellants received all of the documents that they sought from the INS shortly after they filed suit, the district court correctly determined that their FOIA action was moot. *See Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir.1986).

The district court also properly dismissed on the basis of res judicata appellants' action alleging that the INS mishandled the file of Jacinto Velazquez and wrongfully denied them lawful permanent resident status. These claims had previously been adjudicated against appellants in two prior cases. *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992) (res judicata bars a party from relitigating claims that were decided in a

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prior action between the same parties).[1]

The district court properly denied appellants' motion for disqualification pursuant to 28 U.S.C. § 144 because the affidavit in support of the motion was based primarily on Judge Jenkins's judicial rulings. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986) (a judge's prior adverse rulings are not sufficient cause for disqualification). Appellants' wholly unsubstantiated allegations that Judge Jenkins harbored anti-immigrant sentiments or was biased against Latinos are not legally sufficient grounds for recusal. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626–27 (9th Cir.1993) (speculative assertions of invidious motive are insufficient to show judicial bias).

Finally, we cannot consider appellants' contention that they are entitled to an award of attorneys' fees and costs in their FOIA action because they did not file a motion for fees and costs in the district court as required by Fed.R.Civ.P. 54(d) and N.D. Cal. Civ. Local R. 54–4 & 54–5. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995) (generally "a federal appellate court does not consider an issue not passed upon below") (internal quotation omitted).

**AFFIRMED.**

---

1. Appellants' claim that they are entitled to relief under the Family Sponsor Immigration Act of 2002 is not cognizable in this action and must be presented to the INS as required in that Act.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).